DAVIDSON v. MIDWEST COMMERCIAL CREDIT CO.

1. CONVERSION—DEMAND—TENDER.
   Where, in action for conversion of truck, evidence was sufficient to justify finding that defendant's taking was tortious, demand for possession by plaintiff was not necessary prerequisite to bringing action.

2. SAME—IDLE CEREMONY NOT REQUIRED.
   Where defendant, by selling truck, was guilty of actual conversion, and demand for possession would have been idle, no demand was required before bringing action for conversion.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted June 7, 1932. (Docket No. 19, Calendar No. 35,701.) Decided September 16, 1932.

Case in common pleas court by Charles V. Davidson against Midwest Commercial Credit Company, a Delaware corporation, for conversion of a motor truck. Verdict and judgment for plaintiff. Defendant appealed to the circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Wynn, Zinn & Freimuth,* for defendant.

FEAD, J. Plaintiff had judgment for conversion of a truck. Defendant claims it was entitled to directed verdict for plaintiff's failure to make demand and tender before suit.

In March, 1930, plaintiff traded a Dodge truck to defendant for a Reo tractor and a Reo truck, executing to it separate notes and chattel mortgages for the respective balances of purchase price. Monthly

payments on the Reo truck were $110.77, beginning April 29th. The truck needed repairs, and it was agreed that plaintiff should have them made and the cost be credited on the first payments due. Whether this meant the first payments for the truck or included also the tractor debt is not clear. Plaintiff paid about $275 for repairs.

May 21st, without notice to or demand on plaintiff or inquiry as to repair bill, defendant repossessed the truck from plaintiff's employee, against his protest and will and under circumstances warranting the conclusion that it was by force. June 13th, it sold the truck on foreclosure for less than the mortgage amount.

The testimony would not justify a ruling, as a matter of law, that plaintiff owed the obligation to report the repair bill to defendant before the first payment on the truck note was due or that such report was a requisite to credit thereon. Construing the testimony most favorably to plaintiff, the jury could find that the first payment on the truck had been made by the repair bill, that defendant had seized the truck before default of plaintiff, and that, as such seizure was without demand for possession or inquiry and by force, defendant did not act in good faith, and the taking was tortious. Hence no demand for possession was necessary as a preliminary to suit. Moreover, defendant, by selling the truck, was guilty of actual conversion, and demand and tender would have been idle. Under the testimony, defendant was not entitled to a directed verdict.

Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.