SCHOOL DISTRICT OF THE CITY OF LANSING *v.* FIDELITY & CASUALTY CO. OF NEW YORK.

1. APPEAL AND ERROR—DEPOSITARIES—BONDS—CLOSED BANK—DEMAND—ACTION.

   Finding of court that written demand by school district for payment of funds on deposit in closed bank would be useless and, therefore, not a condition precedent to suit on depository bond *held,* justified by record.

2. DEPOSITARIES—DEMAND ON BANK.

   Evidence that business manager of school district interviewed assistant cashier of closed depository bank and was informed that checks drawn upon the bank could not be honored is ample compliance with condition of depository bond that bank "failed to pay on due demand."

3. Same—Parties—Real Party in Interest—Schools and School
   Districts.
   > Contention that school district treasurer, the statutory custodian
   > of its funds, is real party in interest in action on depository
   > bond instead of school district is without merit (1 Comp. Laws
   > 1929, § 7232).

4. Same—Bank Holiday—Contracts.
   > Possible nonpayment by the bank is the reason for requiring
   > depository bond so that to hold surety not liable after declara-
   > tion of bank holiday under which bank could not lawfully pay
   > any money would be to change terms of the contract embodied
   > in the bond.

5. Appeal and Error—Affirmative Relief—Cross-Appeal.
   > Affirmative relief cannot be given appellee where it does not
   > perfect cross-appeal.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted January 10, 1934. (Docket No. 114, Calendar
No. 37,574.) Decided March 6, 1934.

Assumpsit by School District of City of Lansing,
a municipal corporation, against Fidelity & Casualty
Company of New York, a foreign corporation, on a
depository bond. Judgment for plaintiff. Defend-
ant appeals. Affirmed.

*Fred L. Warner,* for plaintiff.

*Bishop & Weaver* (*Leo J. Carrigan,* of counsel),
for defendant.

North, J. Plaintiff school district had a deposit
in the Capital National Bank of Lansing at the time
the bank closed in February, 1933. Defendant was
on a $50,000 depository bond given incident to plain-
tiff's deposit, which exceeded the amount of the
bond. This latter instrument recites that the de-
fendant herein:

"Does hereby agree that it will  *  *  *  reim-
burse the assured for any amount not exceeding

$50,000 which the bank shall be legally bound to pay on such deposit account, and which it shall fail to pay on due demand while this bond is in force.''

In suit on this bond plaintiff had judgment for $50,000. Defendant has appealed.

Appellant, for reasons which need not be detailed, asserts that this bond is a common-law bond rather than one given under statutory requirement; and that the bond being a common-law bond demand is a condition precedent to plaintiff's right to recover. The defense is urged that demand for payment was not made prior to suit. Without so adjudicating, for the purpose of decision herein, it may be assumed that the instrument in suit is a common-law bond and that demand would normally be necessary, still under the undisputed facts of this record hereinafter noted, appellant's contention cannot prevail. The record fully justifies the following finding of facts and conclusion of law quoted from the trial judge's opinion:

''It appears, however, that a representative of the plaintiff went to the bank and there talked with the vice-president and cashier, who advised him, in substance, that the bank could not pay out money on deposit accounts. It further appears that checks issued by the plaintiff, and presented to the bank for payment, were dishonored and generally, as before indicated, that the bank has not, since the 11th of February, 1933, made payments on deposit accounts, with the exception of the five per cent. (dividend on claims), referred to. Under the circumstances it is obvious that the formal presentation of a written demand or order would have been an idle ceremony. The law does not require the doing of a useless act. *Porter* v. *East Jordan Realty Company,* 210 Mich. 398 (11 A. L. R. 963). It is my conclusion that defendant's claim, based on the alleged

failure to make proper demand, is not well founded."

Notwithstanding this bond provides for "due demand," under repeated decisions of this court, when making demand would be only an idle ceremony, as conclusively it would have been in this case, it is not required as a condition precedent to suit.

"When a bank suspends business and closes its doors against depositors and creditors, and discontinues banking operations, it waives the necessity for a demand on the part of its creditors or depositors before suing for their money. The insolvency of the bank, or a suspension of payment dispenses with the necessity of demand, and all deposits become due and payable forthwith." 5 Michie, Banks and Banking, pp. 682–685, § 357b.

See, also, *Porter* v. *East Jordan Realty Co., supra; Davidson* v. *Midwest Commercial Credit Co.,* 260 Mich. 14.

But entirely apart from the foregoing, we think the record contains undisputed testimony of a sufficient demand having actually been made. The business manager of plaintiff school district testified that after the bank closed he interviewed the assistant cashier relative to securing funds with which to meet the school district's payroll which had been "prepared and ready to show at the time the bank holiday was declared." The witness asked the assistant cashier "if the bank would pay out the board funds;" and in reply was informed that the bank "would not be able to honor our (salary) checks, which were prepared, and ready to be issued." While perhaps somewhat informal, the foregoing was ample as a demand in compliance with the requirement of the depository bond.

Appellant's contention that because the statute (2 Comp. Laws 1929, § 7232) makes the treasurer of the school district custodian of the school's funds, he (instead of plaintiff), is the real party in interest and plaintiff cannot recover, is without merit.

It is also urged that after the banking holiday was declared the bank could not have lawfully paid plaintiff the money on deposit and therefore plaintiff had no right to demand its payment, and hence defendant cannot by reason of nonpayment be held liable on its depository bond. This argument is ingenious but not persuasive. As bearing upon the respective rights and obligations of the parties to this cause, the situation resulting from the bank holiday is not materially different than it would have been had the comptroller of currency for statutory cause taken possession of the drawee bank and caused it to cease doing business. Pending such cessation of business it would have been a clear violation of law for the bank to have paid to plaintiff the whole or any portion of plaintiff's deposit; but this change in the bank status would not have discharged defendant from the obligation of its depository bond. Indeed, the reason for requiring a depository bond is the possible nonpayment by the bank; and the purpose of the bond is to save the depositor from loss or inconvenience incident to such nonpayment, whatever the cause. To hold otherwise would be to change the terms of the contract embodied in the bond.

Other questions noted in appellant's brief have been considered but no reason discovered for disturbing the judgment entered in the circuit court. Appellee in its brief has asserted a right to affirmative relief. It did not perfect a cross-appeal and its claim for affirmative relief cannot be considered.

Judgment is affirmed, with costs to appellee; and the judgment may be entered against the surety on the appeal bond.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.