ULVUND v. SOGGE.

1. APPEAL AND ERROR—FINDINGS OF COURT.

Findings of the court in automobile accident case tried without a jury *held*, in accord with preponderance of the evidence although testimony was in dispute, on the understanding that distances are estimated and relative.

2. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EMERGENCY.

Trial court in case tried without jury *held*, justified in finding defendant motorist negligent and plaintiff's driver free from contributory negligence, where accident occurred at night after latter had reached a place of safety 6 to 8 feet off 18-foot pavement of a lighted roadway near the front of a country store, and he had created no emergency which excused defendant's conduct in leaving pavement.

Appeal from Leelanau; Gilbert (Parm C.), J. Submitted March 1, 1934. (Docket No. 146, Calendar No. 37,684.) Decided April 3, 1934.

Case by Selma Ulvund against Robert C. Sogge for personal injuries sustained in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*E. N. Clink* (*C. M. Bice,* of counsel), for plaintiff.

*Patchin & Menmuir,* for defendant.

FEAD, J. On trial before the court without a jury, plaintiff had judgment for injuries received in a collision of automobiles. The testimony was in dispute but, with the understanding that distances are estimated and relative, the findings of the court were in accord with the preponderance of the testimony.

At Hannah is a country store located about 28 feet north of the pavement, which is 18 feet wide. Between the pavement and the store is a gravel roadway, extending both east and west of the store 75 feet or more. At the time of the accident the roadway in front was lighted from the store, two men were standing on the porch and a car parked in front some seven feet north of the pavement. The collision occurred about 10 o'clock in the evening and about 20 feet west of the store.

Plaintiff was riding in her husband's Ford car, driven by him, approaching from the west at a speed of 25 to 30 miles per hour. Defendant came from the east in his Buick car at a speed of over 35 miles per hour. When the Ford was 80 to 90 feet west of the store the driver dimmed and rebrightened his lights as a signal, turned northeasterly upon the gravel highway and proceeded east some distance, gradually slackening speed until the car was nearly

stopped, at most running from 7 to 10 miles per hour.

At the time the Ford began to turn, the Buick was over 190 feet away and east of the store. Defendant was wholly or partly off or turned off the pavement on the north and continued to drive westerly on the roadway, striking the Ford and knocking it back a distance of about 20 feet. Apparently defendant attempted to turn further to the north just before the collision and pass in front of the Ford because the left front of the Buick struck the right front of the Ford. Defendant did not see the men on the porch nor the car parked in front of the store until after the accident. While defendant disputes it, the finding of the court that the Ford was six to eight feet north of the pavement when struck is amply supported by disinterested witnesses.

The court in an opinion and on motion for new trial fully reviewed all claims of defendant as to negligence and contributory negligence. We do not deem it necessary to discuss them because, from the mere statement of facts, it is evident the court was justified in holding that defendant was negligent in not remaining on the pavement as he had ample opportunity to do; that plaintiff's driver was not guilty of contributory negligence because he had reached a point of safety off the pavement, and where he had a right to be and, in reaching it, he created no emergency which excused defendant's conduct.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.