PATON *v.* STEALY.

1. Appeal and Error—Cross-Appeal—Affirmative Relief—Damages.

On defendant's appeal from judgment for plaintiff in action for damages arising out of head-on collision on highway, plaintiff's claim of additional damages may not be considered where he did not cross-appeal.

2. Automobiles—Skidding on Slippery Pavement.

Driver of car must keep on right side of road but failure to do so through no fault of his own, such as skidding on a slippery pavement, may excuse failure to comply with the statute (1 Comp. Laws 1929, § 4703).

3. Same—Negligence—Right Side of Street.

If skidding across slippery pavement results from negligence of driver, he is liable for consequences of his failure to keep on the right side of the street (1 Comp. Laws 1929, § 4703).

4. Appeal and Error—Negligence—Skidding Across Road.

Determination in favor of plaintiff of question of whether defendant was on the wrong side of the road of his own volition or because he skidded, made by trial court sitting without a jury, is not disturbed by Supreme Court, it being reluctant to disturb findings involving adoption of one of two conflicting versions of testimony.

5. NEGLIGENCE—SUDDEN EMERGENCY.

One who suddenly finds himself in peril without time to consider the best means to avoid impending danger is not guilty of negligence if he fails to adopt what subsequently may appear to have been the better method, unless the emergency is brought about by his own negligence.

6. AUTOMOBILES—NEGLIGENCE—WRONG SIDE OF ROAD.

Defendant motorist, driving car in fog at speed of 20 miles per hour with brakes in good condition, who saw a parked car and some men standing on opposite side of road while 600 feet away and swerved to left to avoid hitting man on his own side of the highway *held*, under no emergency in action by driver of car with which there was a head-on collision, where he could have passed man without leaving his own side of the road and, anyway, he could have stopped before it became necessary to swerve to left (1 Comp. Laws 1929, § 4703).

7. SAME—WRONG SIDE OF ROAD.

Motorist who violates law of the road by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on right side (1 Comp. Laws 1929, § 4703).

8. SAME—PRESUMPTION OF DUE CARE.

Motorist on his proper side of the highway has right to assume that driver of car approaching from opposite direction will operate his car in accordance with law, until, in the exercise of ordinary care the motorist discovers, or should have discovered, that such is not the fact.

9. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE—AVOIDING HEAD-ON COLLISION.

Question of whether plaintiff on his proper side of the road was guilty of contributory negligence when he failed to swerve to the right when defendant motorist, traveling in opposite direction, approached him through fog is primarily for trial court, when sitting without a jury, and his determination in favor of plaintiff is not disturbed by Supreme Court which is reluctant to disturb findings involving adoption of one of two conflicting versions of testimony.

10. DAMAGES—AUTOMOBILES—MEDICAL CARE—PAIN AND SUFFERING.

In action for damages resulting from head-on collision on highway, judgment for plaintiff by trial court, sitting without

a jury, of $639.45, consisting of $192 for medical and dental services, $300 for pain and suffering, $157.45 for towing and repair of car is affirmed, where computation is supported by evidence.

11. APPEAL AND ERROR—DAMAGES—PAIN AND SUFFERING.
Allowance of $300 for pain and suffering by plaintiff, injured in automobile accident *held,* within sound judgment of trial court sitting without a jury, allowance made for such item usually being upheld unless such as to shock the conscience of the court.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted April 2, 1935. (Docket No. 18, Calendar No. 37,897.) Decided May 17, 1935.

Case by John Paton against May Schulte and Loren D. Stealy for personal injuries and damage to automobile sustained as the result of a head-on collision. Action dismissed as to defendant Schulte. Judgment for plaintiff. Defendant Stealy appeals. Affirmed.

*Ray E. Griffis,* for plaintiff.

*Lucking, Van Auken & Sprague,* for defendant Stealy.

BUSHNELL, J. The accident out of which this controversy arose occurred about 9 a. m. on January 4, 1931, on US-16 west of the village of New Hudson. A heavy fog made the visibility poor, and the damp concrete highway was icy in some places, particularly where the collision took place. Just before the parties to this action arrived at the scene there was a collision between the car of Biernacki, traveling towards Lansing, and that of Slater, proceeding towards Detroit. The Biernacki car landed on the north shoulder of the highway, facing east, and Slater's car had continued to the east, its stopping

place being hidden by the fog. Slater had returned on foot and was standing on the north side of the highway talking to Biernacki; a companion of Slater's was standing about opposite these two on the south side of the road, it is claimed for the purpose of signaling approaching traffic; and Martin, a companion of Biernacki, was standing east of the others on the south shoulder of the roadway. Stealy, who came from the west around a curve, testified:

"The first thing I saw as I approached the scene of the accident was one car on the north side, which would be to my left, and two men standing on the pavement a little to the east of that car. One I would say was about a foot or foot and a half inside that shoulder and on the pavement. After I noticed them, a man loomed up on my right on the pavement, about two feet or a foot and a half on the pavement, on my right or off the right shoulder. I immediately put on my brakes. I did not jam them on because I do not use my brakes that way. I immediately put them on and swerved to my left to avoid hitting him, and when I was pulling the car back to the right, and coming on to the right side, lights loomed up in front of me, and all of a sudden those lights were on me before I knew it."

The lights he refers to were those of the car of plaintiff Paton, who came from the east. Paton testified on cross-examination:

"As I came over the crown of the hill I saw a car off on the south side of the road. I put on my brakes when the car on the north side of the road was about 150 feet away. I next saw a man in the center of the road. I did not see any man on the south side of the road. I first saw Mr. Stealy's car when it was about 10 feet west of the man standing in the center of the road. Mr. Stealy's car was on the south side of the highway. After Stealy's car passed the man it headed toward the center of the

road. I then applied my brakes as I seen there was going to be danger of an accident. I made no attempt to turn my car to the right of the road as I did not have a chance. All I could do was put my foot on the brakes and clutch and be hit."

Biernacki said that when the impact occurred both cars were north of the center line of the highway, and from other testimony it appears that the north half of Stealy's car met head-on with the south half of Paton's car. Both stopped about two or three feet apart, facing each other. Just as both drivers got out of their respective cars, a Mrs. Schulte drove out of the fog from the east, struck the rear of Paton's car and drove it against Stealy's car again, causing additional damage. Both Paton and his wife were injured, but her claims are not involved in this action, which was begun by Paton against Stealy and Mrs. Schulte as joint defendants, and eventually dismissed as to Mrs. Schulte.

The trial judge, sitting without a jury, rendered a judgment for the plaintiff, assessing his damages at $639.45, consisting of the following items: First aid, $15; subsequent medical services, $107; dental service, $60; pain and suffering, $300; towing charges, $32; damage to car, $125.45. Defendant's appeal raises questions as to his lack of negligence, plaintiff's contributory negligence, and the quality of plaintiff's proofs. Plaintiff did not prosecute a cross-appeal and therefore the affirmative relief he seeks by way of additional damages may not be considered. *School District of Lansing* v. *Fidelity & Casualty Co. of New York,* 266 Mich. 189.

The court found that Stealy was negligent in turning to the wrong side of the highway. His claim that he skidded there through no fault of his own is not clearly supported by his own testimony, and the testimony of other witnesses is conflicting. The

rule is stated by Mr. Justice EDWARD M. SHARPE in *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111):

"It is fundamental law that the driver of a car must keep on the right side of the street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute (1 Comp. Laws 1929, § 4703; *Chase* v. *Tingdale Bros.,* 127 Minn. 401 [149 N. W. 654]), but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional. Berry on Automobiles (4th Ed.), § 865."

The disputed question as to whether defendant was on the wrong side of the road of his own volition or because he skidded there was determined by the trial court sitting without a jury, and we are reluctant to disturb findings which involve the adoption of one of two conflicting versions in testimony. *Watrous* v. *Conor,* 266 Mich. 397.

"We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction." *Leonard* v. *Hey, supra.*

Mr. Justice CLARK in *Walker* v. *Rebeuhr,* 255 Mich. 204, stated the law applicable to emergencies:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. (Huddy on Automobiles [8th Ed.], p. 359.)"

Stealy testified he first saw the Biernacki car and the two men when he was beyond the curve, "I would say not more than 200 yards, or 600 feet— around that." His brakes were in good condition and he was only traveling 20 miles per hour. He could have stopped before it become necessary to swerve to the left, and he could have passed the man waving his arms without leaving his own side of the road. Under these circumstances there was no emergency.

"One who violates the 'law of the road' by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side." *Winckowski* v. *Dodge,* 183 Mich. 303, 308.

Plaintiff had the right to assume that the defendant would operate his machine in accordance with the provisions of the law, until, in the exercise of ordinary care, he either discovered or should have discovered that such was not the fact. *Tregonning* v. *Castantini,* 243 Mich. 233. It may be argued that the emergency confronting the plaintiff was no greater than that which the defendant claims confronted him, but at least plaintiff was where he had a right to be. The observations already made herein as to the findings of a trial judge sitting without a jury must be likewise applied to the question of contributory negligence. The only thing plaintiff could have done in addition to what he did was to swerve to the right, and the trial judge was apparently impressed by plaintiff's testimony.

The computation of damages is supported by the testimony and must therefore be sustained. As to the amount allowed for pain and suffering, there is no precise standard of measurement and unless it is such as to shock the conscience of the court, it

should be upheld. The amount allowed on this item must rest in the sound judgment of the trier of the facts. *Watrous* v. *Conor, supra.*

The judgment is affirmed, with costs to appellee.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.