HANEY *v.* BEISEL.

1. AUTOMOBILES—RIGHT SIDE OF ROAD—SKIDDING.

The failure of a motorist to keep to the right side of the road as required by statute may be excused when, through no fault of his own, his car skids across road on a slippery pavement but if the skidding results from the driver's negligent acts, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional (1 Comp. Laws 1929, § 4703).

2. SAME—WRONG SIDE OF ROAD—CARE REQUIRED.

Motorist who finds himself on the wrong side of the road and drives down the wrong side must use greater care and assume the risk of his experiment.

3. SAME—EMERGENCY.

A motorist's action in an emergency is not judged by the Supreme Court from a retrospective point of view.

4. SAME—IMPUTED CONTRIBUTORY NEGLIGENCE—EMERGENCY—WRONG SIDE OF ROAD.

Motorist, who slowed down to 15 or 20 miles per hour as he overtook a horse-drawn wagon and found his brakes failed to hold after striking an icy spot and then accelerated to 30 or 35 miles per hour and traveled 60 to 65 feet after crossing center line of pavement before reaching point of impact with defendant's oncoming car, was properly found guilty of contributory negligence as a matter of law which was imputable to plaintiff, his passenger, as the emergent nature of the situation had passed before the impact.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 13, 1938. (Docket No. 63, Calendar No. 40,233.) Decided December 22, 1938.

Case by Doris Haney against Robert Beisel for personal injuries sustained in a collision between automobiles. Verdict for plaintiff. Judgment for defendant *non obstante veredicto* for plaintiff. Plaintiff appeals. Affirmed.

*Kim Sigler* and *Horace Powers,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

BUSHNELL, J. This action arose out of an automobile collision on highway M-43, a short distance west of the city of Hastings, on the afternoon of April 3, 1936. This was a "nice clear day," although there were some icy spots on the paved portion of the highway. Plaintiff, Doris Haney, was riding with her husband in the rear seat of a car driven by William McKibbin. The parties had been over this same road on their way to Hastings that day and the accident occurred as they were returning home. McKibbin, who was driving westerly, observed a horse-drawn wagon traveling in the same direction some distance ahead. As he approached the wagon, he slowed down until he was within 15 or 20 feet when he applied his brakes. At this moment his car struck a patch of ice and skidded across the center line of the highway. McKibbin then observed defendant Beisel's car approaching from the west and, in his attempt to avoid a collision, McKibbin increased his speed, turned off the pavement on the wrong side of the road and continued in the same direction on the unpaved southerly shoulder of the highway. Beisel, instead of continuing on the pavement in an easterly direction, turned to his right and onto the south shoulder of the road. The McKibbin and Beisel cars collided as each of them

was turning back to the highway and Mrs. Haney was badly injured.

At the close of plaintiff's case defendant asked the court to direct a verdict in his favor, on which motion decision was reserved. The cause was submitted to the jury, which returned a verdict for plaintiff in the sum of $2,000. Defendant then moved for the entry of a judgment notwithstanding the verdict, which motion was granted. Plaintiff appeals.

The trial judge expressed doubt as to the negligence of the defendant but assumed its existence for the purpose of the motion and held that plaintiff's driver was guilty of contributory negligence as a matter of law, such negligence being imputed to the plaintiff.

Plaintiff urges that *Ulvund* v. *Sogge,* 266 Mich. 548, is controlling and that the trial court was in error in distinguishing this authority. In that case plaintiff's car was approaching from the west near a country store, which was located on the north side of the highway. Before reaching the store the driver signaled with his lights and turned northeasterly towards the store, gradually slackening his speed. The collision occurred on the unpaved north portion of the highway, which the court said was a place of safety reached by the plaintiff, where he had a right to be. In the *Ulvund Case* plaintiff's driver was not attempting to pass a moving vehicle, as was McKibbin. Despite his claim that he intended to turn into a farm driveway, there is nothing in the facts to indicate that McKibbin was in a place of safety where he had the right to be when the collision occurred.

The facts in the instant case are more like those in *Johnson* v. *Fremont Canning Co.,* 270 Mich. 524,

where Johnson's wife, who was driving, observed a stalled truck and trailer partly on and partly off the highway. When Mrs. Johnson put on her brakes, she struck an icy spot in the road and skidded into the trailer. It was held that she was guilty of contributory negligence in not being able to stop within an assured clear distance. See 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Stat. Ann. § 9.1565).

In *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111), the court said:

"It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute." *

See citations therein.
But the court also said:

"If such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional."

Under some circumstances, such as those disclosed in *Bowman* v. *Struble,* 276 Mich. 311, and *Eskovitz* v. *Berger,* 276 Mich. 536, the question of plaintiff's driver's negligence is one for determination by the trier of the facts. However, one who finds himself on the wrong side of the road or drives down the wrong side of the road must use greater care and must assume the risk of his experiment. See *Winckowski* v. *Dodge,* 183 Mich. 303; *Lawrence*

---

* 1 Comp. Laws 1929, § 4703 (Stat. Ann. § 9.1571).—REPORTER.

v. *Bartling & Dull Co.,* 255 Mich. 580; *Harrison* v. *Eastern Michigan Motor Bus Co.,* 257 Mich. 329, and *Paton* v. *Stealy,* 272 Mich. 57.

We do not judge plaintiff's driver's action in an emergency from a retrospective point of view. *Paton* v. *Stealy, supra,* and *DeForest* v. *Soules,* 278 Mich. 557. However, plaintiff's claim that her driver was acting in an emergency is too broad. McKibbin testified that he slowed down to about 15 to 20 miles per hour as he approached the wagon and, when he found that his brakes did not hold after he struck the icy spot on the pavement, he accelerated to 30 or 35 miles per hour. He said he traveled from 60 to 65 feet from the time he crossed the center line of the pavement until he reached the point of impact. The emergent nature of the situation had passed before he reached the place of collision. McKibbin apparently had full control of his car and he must be charged with having deliberately assumed the burden of his decision that it was proper for him to continue at an increased speed on the wrong side of the road. Under the circumstances disclosed by this record, the trial court was correct in holding that plaintiff's driver was guilty of contributory negligence which, being imputed to plaintiff, precludes any recovery on her part.

The judgment *non obstante veredicto* is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.