CRADDOCK v. TORRENCE OIL COMPANY.

1. NEGLIGENCE—CIRCUMSTANTIAL EVIDENCE.
   Circumstantial evidence may be sufficient to establish negligence.

2. AUTOMOBILES—TRUCKS—PRIMA FACIE CASE FOR RECOVERY.
   Where defendants' fuel oil truck was left standing on highway paved 70 feet wide on side of hill with the motor running while driver was elsewhere and backed down toward bus loaded with 40 passengers, operated by plaintiff, and causing him to drive to left of center line where he collided head-on with another bus, a prima facie case for recovery was made out, taking the case out of the realm of conjecture and within the field of legitimate inferences from established facts.

3. SAME—LEAVING VEHICLE UNATTENDED—BRAKES.
   One leaving a truck unattended on the highway has the duty of setting the brakes effectively (1 Comp. Laws 1929, § 4720).

4. SAME—NEGLIGENCE—UNATTENDED FUEL OIL TRUCK ON HILL.
   Whether or not defendants were guilty of negligence in leaving fuel oil truck on a hill on the highway was an issue for the jury under evidence showing truck rolled backward down hill and across 70-foot pavement of highway on which it had been left unattended with motor running (1 Comp. Laws 1929, § 4720).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am. Jur., Negligence, § 333.
[2–4] 5 Am. Jur., Automobiles, § 338.
[2–4] Liability for injury or damage resulting from starting of parked automobile without interference of third person. 66 A.L.R. 439.
[5–10, 14] 5 Am. Jur., Automobiles, §§ 171, 176, 415, 721.
[5–10, 14] "Emergency rule" as applied to automobile or motorcycle drivers. 6 A.L.R. 680; 27 A.L.R. 1197; 79 A.L.R. 1277; 111 A.L.R. 1019.
[11] 5 Am. Jur., Automobiles, §§ 252, 631.
[11] Effect of defective brakes on liability for injury. 14 A.L.R. 1339; 63 A.L.R. 398; 170 A.L.R. 611.
[12] 20 Am. Jur., Evidence, §§ 248, 259.

5. NEGLIGENCE — EMERGENCY — CONTRIBUTORY NEGLIGENCE — PROXI-
MATE CAUSE.

   A plaintiff may not invoke the emergency rule if his own negli-
   gence actually contributed to bring about the emergency and,
   if such negligence was the proximate cause of the collision,
   plaintiff may not recover.

6. AUTOMOBILES—CONTRIBUTORY     NEGLIGENCE—UNATTENDED     FUEL
OIL TRUCK BACKING DOWN HILL—PASSENGER BUS DRIVER.

   Whether or not plaintiff passenger bus driver was guilty of con-
   tributory negligence in proceeding up a hill toward a fuel oil
   truck which was backing down hill without a driver by failing
   to appraise the situation as soon as he should have *held*, a
   question of fact under evidence presented.

7. SAME—TRUCKS—PRESUMED PRESENCE OF OPERATOR.

   A driver operating a passenger bus on the highway who sees a
   truck in motion upon the highway has a right to assume that
   truck has a driver at the controls who will not back it down
   hill across a 70-foot pavement in front of traffic.

8. SAME—EMERGENCY—APPRECIATION OF DANGER.

   Where the unexpected occurs, time must be allowed a motorist,
   placed in peril without his fault, to appreciate the danger and
   form a judgment of how he will meet it.

9. SAME — EMERGENCY — CONTRIBUTORY NEGLIGENCE — SELECTION OF
SAFER WAY TO AVOID DANGER.

   Passenger bus driver, faced with emergency of avoiding collision
   with fuel oil truck backing down hill across a wide pavement,
   is not responsible for selection of safer way to avoid collision.

10. SAME—EMERGENCY—CONTRIBUTORY NEGLIGENCE—WRONG SIDE OF
ROAD.

   Passenger bus driver, faced with emergency of avoiding collision
   with approaching driverless fuel oil truck backing down hill
   at an angle across pavement 70 feet wide, who turned to wrong
   side of road to avoid collision, is not guilty of contributory
   negligence as a matter of law, if reasonably prudent person,
   under similar circumstances, would have done the same, despite
   untoward results.

11. SAME—FUEL OIL TRUCK—BRAKES—EVIDENCE AS TO CONDITION.

   In passenger bus operator's action against defendant fuel oil
   truck owner and its operator for injuries sustained by reason
   of successful effort made to avoid collision with truck as it
   backed down hill across pavement, trial court's ruling that
   certain evidence was inadmissible as tending to show defend-

ants had no knowledge prior to accident that brakes on truck were defective was not reversible error, where evidence does show the brakes did not hold either because they were defective or had not been properly set (1 Comp. Laws 1929, § 4720).

12. Trial—Prejudice—Real Party in Interest.
Where issue being litigated was whether or not plaintiff suffered injuries proximately caused by defendants' negligence, it was not error to exclude questions propounded by defendants to show plaintiff was represented by his employer's attorney, that his medical and hospital expenses had been taken care of by the attorney with an agreement for reimbursement, and that action was undertaken while plaintiff was still in the hospital, in order to show it was really an action by the employer, as such questions constituted an attempt to prejudice the jury against plaintiff.

13. Same—Requests to Charge—Instructions.
In passenger bus operator's action against fuel oil truck owner and operator for injuries sustained incident to successful attempt to avoid collision with unattended truck backing down hill across pavement 70 feet wide, charge given jury *held*, very fair and complete and to have rendered defendants' claims with respect to requests to charge and the charge given without merit.

14. Appeal and Error—Verdict—Great Weight of Evidence.
Verdict for plaintiff in his action arising from injuries sustained incident to successful attempt to avoid collision with defendants' unattended fuel oil truck as it backed down hill across pavement 70 feet wide *held*, not against the great weight of evidence notwithstanding testimony of disinterested eyewitness contradictory of testimony of other witnesses, since it was for the jury to decide whom to believe.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 15, 1948. (Docket No. 80, Calendar No. 44,003.) Decided October 4, 1948.

Case by Raymond S. Craddock against Torrence Oil Company, a Michigan corporation, and another for personal injuries suffered while trying to avoid collision with defendants' oil truck. Verdict and

judgment for plaintiff. Defendants appeal. Affirmed.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for plaintiff.

*Andrews, Langs & Wood (Leroy G. Vandeveer,* of counsel), for defendants.

BUTZEL, J.   Plaintiff Raymond S. Craddock brought suit against Torrence Oil Company, a Michigan corporation, and its driver, defendants, and recovered a judgment in the sum of $2,600 in accordance with the jury's verdict. Plaintiff suffered personal injuries on November 12, 1945, as a result of a motor vehicle collision on a hill near the intersection of Woodward and Euclid avenues in the city of Birmingham, Michigan. Woodward avenue runs approximately north and south at this point, the paved portion being 70 feet wide. The hill on which the collision occurred extends upgrade from a point approximately 300 feet north from the scene of the accident to a point south of such point. At the time of the accident the visibility was good and the pavement dry, notwithstanding it had rained earlier in the day.

Plaintiff was driving one of the buses of the Great Lakes Greyhound Lines, Inc., his employer, and was going south towards Birmingham, Michigan. There were about 40 passengers on his bus, a few of whom were standing. When thus proceeding and when ascending the hill towards Euclid avenue, he observed defendants' oil truck backing down the hill toward him. He drove to his left and eventually over the center of the pavement onto the left side of the street to avoid a collision with this truck. Defendant Fouracre, driver of the oil truck, was not in it at the time, but had left it standing at the side of

the road. In driving to the left side of Woodward avenue in order to avoid hitting the truck, plaintiff's vehicle collided head-on with the northbound bus of his employer. Plaintiff claims the main cause of the accident arose from the negligence of defendant in failing to properly and effectively set the brakes upon the truck when it was left unattended upon a highway.

Defendants' truck had been left unattended with the motor running at the west curb of Woodward avenue, 100 feet south of the intersection with Euclid avenue, defendant Fouracre having gone into the customer's house to make measurements for fuel oil. From the testimony of plaintiff's witnesses, it appears that the truck began to slowly roll backwards down the hill following along the curb for a short distance, then taking an angling course across Woodward avenue, and ended up against a retaining wall on private property at the northeast corner of Woodward and Euclid avenues. The court denied defendants' motion to direct a verdict in their favor. They claim there was no proof of actual negligence on their part and that plaintiff was guilty of contributory negligence.

Circumstantial evidence sometimes may be sufficient to establish negligence. A sufficient prima facie case was made out through the testimony showing the circumstances; the case was taken out of the realm of conjecture and came within the field of legitimate inferences from established facts. *Fuller* v. *Magatti*, 231 Mich. 213; *Bacon* v. *Snashall*, 238 Mich. 457. In the latter case, it was shown that defendant's automobile had been left unattended upon an incline; that when the brake of the car was properly set, the car would stand on the incline; that the car did start and ran down hill with disasterous results. It was held that there was sufficient evidence to carry the issue to the jury. It was the duty

of defendants to effectively set the brakes on the truck before leaving it on the highway. 1 Comp. Laws 1929, § 4720 (Stat. Ann. § 9.1588). In the instant case there was also sufficient evidence to carry the issue of defendants' negligence to the jury.

Defendants contend, also, that, as a matter of law, plaintiff was guilty of contributory negligence which was the proximate cause of the collision. Plaintiff, however, claims that he was confronted with peril and danger in an emergency caused by defendants' negligence and that, as a direct result of such emergency, the collision occurred. It is true that plaintiff may not invoke the emergency rule if his own negligence actually contributed to bring about the emergency and, if such negligence was the proximate cause of the collision, plaintiff may not recover. *Meisenheimer* v. *Pullen,* 271 Mich. 509; *Perhaska* v. *Silberg,* 302 Mich. 47. However, this became a question of fact in the instant case.

Viewing plaintiff's evidence in the light most favorable to him, we find that there is a showing that plaintiff stopped his bus to receive passengers at a bus stop at the foot of the hill, about 650 feet from the point where defendants' truck was parked at the curb. After making the stop, plaintiff proceeded south up the hill, shifted into second gear and attained a speed of from 20 to 25 miles per hour. He was driving 10 to 12 feet from the west curb. On direct examination he testified that he first observed defendants' truck to be in motion when he was from 50 to 80 feet from it, but on cross-examination he stated this distance was probably 120 to 150 feet. He testified that the truck was in motion backing down the hill on an angle with its front wheels close to the west curb and its rear wheels 6 or 8 feet from the curb. Plaintiff sounded his horn and moved over to the left lane of traffic, checking his side mirror as he did so. He thereupon looked ahead again

and noticed that the truck was out in front of him and moving into the middle of Woodward avenue with the fuel oil hose dragging along the ground. He then realized that the truck did not have a driver. He became fearful that the truck would run into the bus and cause a fire, and so he turned his bus further to the east, giving it full throttle, and picked up enough speed to get around the truck, going to the left beyond the center of the highway to do so, and running head-on into the approaching vehicle. His view of the approaching vehicle had been cut off by the truck. The police officer testified that his investigation indicated that defendants' truck rolled backwards quite close to the west curb from a distance of about 50 feet from the place where it was parked, ran upon it for a short distance, and proceeded at an angle across Woodward avenue. Defendants contend that under this evidence it must be held that plaintiff was guilty of contributory negligence for failure to keep a lookout for the backing truck. At most it presents a fair issue for the jury whether or not plaintiff, as a reasonably prudent man, appraised the situation as soon as he should have. Defendants also contend that under plaintiff's evidence he was guilty of contributory negligence in that he failed to stop after he observed the truck backing across the street, and that after plaintiff first saw the truck in motion, he had ample time to come to a complete stop or slow down. On the other hand, plaintiff claims that when he first saw the truck it was in motion and backing up close to the curb. He had a right to assume that a truck in motion upon a highway would have a driver at the controls and would not back across the street in front of traffic. There was no way for him to determine at the time of his first observation that the truck was without a driver. One of the photographic exhibits shows the oil truck, and it is apparent that

its large tank cuts off the view of the cab by one approaching from the truck's rear, so that it would have been very difficult for plaintiff to determine that there was no driver in the truck.

Where the unexpected occurs, time must be allowed a driver placed in peril without his fault to appreciate the danger and form a judgment of how he will meet it. *Torbert* v. *Smith's Estate,* 250 Mich. 62.

Defendants also claim that plaintiff could have gone around to the right of the truck though plaintiff's witnesses say this was not possible. We have stated the rule in *Loucks* v. *Fox,* 261 Mich. 338, 343, as follows:

"In case of an emergency, a driver is not responsible for the selection of the safer method of avoiding a collision. If a reasonably prudent man would turn onto the wrong side of the road under similar circumstances, defendant is free from liability despite the untoward results. The course he adopted was a natural one in the emergency presented."

See, also, *Myler* v. *Bentley,* 226 Mich. 384 (23 N.C. C.A. 859); *Triestram* v. *Way,* 286 Mich. 13; *Smith* v. *Maticka,* 305 Mich. 32.

A question for the jury was presented whether plaintiff acted as a reasonably prudent man would have under the circumstances and even though reasonable minds might differ, or a different jury, in this or another case, might come to a different conclusion, it still remains a jury question.

From the testimony the question arose whether the brakes on defendants' truck were in proper working order at the time of the accident and whether defendants had knowledge of a defective condition in them prior to the accident. A blank form was offered in evidence to explain an invoice showing the truck had been serviced and its brakes looked

after on September 21, 1945. The trial court ruled it was inadmissible. The question is not of controlling importance inasmuch as the evidence shows that the brakes did not hold. They were either defective or not properly set.

Objection was made because the court excluded questions propounded by defendants to show that plaintiff was represented by his employer's attorney; that his medical and hospital expenses had been taken care of by the attorney with an agreement for reimbursement, and that suit was undertaken in his behalf while he was still in the hospital for his injuries. Defendants attempted to show that the suit was not undertaken in good faith by plaintiff but was really an action by his employer. We believe that the questions were properly excluded as they constituted an attempt to prejudice the jury against the plaintiff. There was no claim that plaintiff had not sustained the injuries alleged. The issue being litigated was whether or not plaintiff suffered injuries proximately caused by defendants' negligence.

We have examined the further arguments of defendants in regard to the charge of the judge and defendants' requests to charge. We find no merit whatsoever in defendants' claims in that regard. The charge was a very fair one and complete.

Defendants claim that the verdict was against the great weight of the evidence principally because the jury should have believed the testimony of the disinterested witness who saw the entire accident and whose testimony was in contradiction of other witnesses. There is no merit in defendants' contention. It was for the jury to decide whom to believe.

We have examined the other questions raised by defendants in their brief and do not believe that they have sufficient merit to require further discussion.

Judgment against defendants is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.