## FRUEHAUF TRAILER CO. v. GUSE-WELLE.

### No. 14301.

United States Court of Appeals
Eighth Circuit.

July 3, 1951

---

J. C. Jaeckel, St. Louis, Mo. (Frank X. Cleary, Moser, Marsalek, Carpenter, Cleary & Carter, all of St. Louis, Mo., on the brief), for appellant.

John F. Evans, St. Louis, Mo. (Joseph N. Hassett, and Evans & Dixon, all of of St. Louis, Mo., on the brief), for appellee.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The widow and administratrix of the estate of Earl Gusewelle brought this action as plaintiff for damages against the Fruehauf Trailer Company under the Michigan wrongful death by negligence statute, Sections 14061 and 14062 of Mason's 1940 Supplement, Compiled Laws of Michigan 1929. She charged in her complaint that defendant caused a collision of motor vehicles and the death of her husband by negligence in violating Section 4703, Compiled Laws of Michigan 1929, which provides in substance that a driver of a vehicle must proceed on the right half of the highway except when passing another vehicle. In its answer the defendant alleged among other things that "the collision and death of plaintiff's deceased were caused by the driver of another automobile who drove the same onto the left or wrong side of the highway immediately in front of and in close and dangerous proximity to the vehicle of defendant; that by virtue thereof the defendant's driver was confronted with a sudden and unexpected emergency and in trying to avoid the collision with said automobile, he was required to act without time to consider the best means of preventing a collision, the defendant therefore, was not guilty of negligence which caused or contributed to cause the collision referred to in plaintiff's petition and the death of plaintiff's decedent. Such being the law of the State of Michigan as declared in Winckowski v. Dodge, 183 Mich. 303, 149 N.W. 1061; Walker v. Rebeuhr, 255 Mich. 204, 237 N.W. 389; Paton v. Stealy, 272 Mich. 57, 261 N.W. 131; Harding v. Blankenship, 274 Mich. 118, 264 N.W. 312; Haney v. Beisel, 287 Mich. 239, 283 N.W. 43; De Forest v. Soules, 278 Mich. 557, 270 N.W. 785, which hold, in substance, that an automobile driver who is confronted by a sudden and unexpected emergency and is required to act without time to consider the best means that may be adopted, is not guilty of negligence if he fails to adopt what subsequently upon reflection may appear to have been a better method unless the emergency in which he finds himself is brought about by his own negligence." The trial of the case before a jury resulted in a verdict in favor of the plaintiff against the defendant for $38,000 upon which the court rendered judgment. This appeal is taken to reverse the judgment.

The accident occurred on June 21, 1947. On that day about 8:45 in the morning, on a clear, dry day plaintiff's decedent was driving a tractor-trailer truck (one adapted for the transporting of automobiles) east

on Highway No. 112 in the State of Michigan, a short distance east of the city of White Pigeon. At that point, Highway No. 112 is a straight two-lane cement highway, 18 to 20 feet wide, with dirt shoulders 3½ to 4 feet in width on each side of the paving.

At the same time and place, defendant through one of its employees was operating a tractor-trailer truck towards the west. As the two trucks approached one another, the trailer of defendant's truck suddenly veered on to the left side of the highway where plaintiff's decedent was proceeding east. A collision resulted, and both drivers died in the burning wreckage.

The evidence showed beyond any doubt that defendant's trailer did suddenly cross over the center line and collide with the vehicle being driven by plaintiff's decedent on his proper side of the road. Such crossing over the center line violated the Michigan statute, and, unexplained, constituted negligence per se. The only point urged by appellant on this appeal is that its driver was confronted by a sudden emergency, and that the emergency impelled him to apply his brakes and cause his truck to veer suddenly over onto the wrong side of the road in front of the trailer-truck of plaintiff's decedent. It is contended that the sudden emergency confronting defendant's driver afforded him a legal excuse for being on the wrong side of the highway at the time of the collision, and further established that the defendant's driver did not act negligently since he acted in immediate, impulsive response to the emergency before him and such response and action could not, as a matter of law, constitute actionable negligence.

That "emergency" which is appellant's only reliance here is claimed to have come about as follows: The trucks of plaintiff's decedent and of defendant were approaching one another, each proceeding on its proper side of the road. A 1938 model automobile began to pass defendant's truck. Plaintiff's decedent saw the automobile begin to pass defendant's truck, and he began to pull his truck further to his right onto the south shoulder of the highway. The automobile passed defendant's truck

and turned in again onto its proper lane in front of defendant's truck. The automobile did not touch the truck, but continuing at the rate of speed at which it passed the truck, pulled away from it, and its driver was never identified.

Defendant's driver, however, when he saw the automobile in front of him, jammed on his tractor brakes but not his trailer brakes, and the trailer "jack-knifed" across the highway and crashed into the truck driven by plaintiff's decedent. The defendant's contention is that this set of facts, as a matter of law, established such an emergency that the defendant's driver was legally excused from any liability arising out of the accident.

The trial court refused to hold that the defendant's driver was excused as a matter of law, but treating the issue as one of fact submitted it fully and fairly to the jury in the following instruction: "The court further instructs the jury that if you find and believe that a private automobile passed to the left of defendant's tractor and trailer shortly or immediately before the collision and that the driver thereof in returning to the north half of the highway drove the same in close proximity to defendant's tractor and if you further find that the act of the driver of the private automobile in so doing created a sudden and unexpected emergency and if you further find that defendant's driver was without time to consider the best means of avoiding colliding with said automobile and if you further find that defendant's driver was exercising ordinary care in the operation of his tractor and trailer at and prior to the time of the collision, the plaintiff is not entitled to recover and your verdict must be in favor of the defendant and this is true even though you may find that defendant's driver failed to adopt what subsequently upon reflection may appear to have been a better method of preventing the collision."

It must be understood what the "emergency rule" sought to be applied here is. The sudden emergency doctrine is not an exception to the general rule that one must act at all times as a reasonably prudent man would act under the same circum-

stances. An emergency is merely one of the circumstances to be considered by the jury in determining if the party's course of action was one that an ordinarily prudent man would have followed. In other words, a person acting in an emergency is not held to the same standard of conduct as a person acting in ordinary events, but the test in a case where there is an emergency is whether the person acted as a prudent man would have acted in the same emergency. 5 Am.Juris., Automobiles, § 171; Brinegar v. Green, 8 Cir., 117 F.2d 316; Craddock v. Torrence Oil Co., 322 Mich. 510, 34 N.W.2d 51. See also the cases cited in the Annotation in 79 A.L.R. at page 1277.

 Determination as to the reasonableness of one's conduct is one of fact. As stated in Craddock v. Torrence Oil Co., supra, where there was also the question of acting in an emergency: "A question for the jury was presented whether plaintiff acted as a reasonably prudent man would have [acted] under the circumstances and even though reasonable minds might differ, or a different jury, in this or another case, might come to a different conclusion, it still remains a jury question." [322 Mich. 510, 34 N.W.2d 53.] Here the issue was submitted to the jury under proper instruction to which no objection was made. There was sufficient evidence to support the finding that defendant's driver was negligent in the manner in which he acted in the situation confronting him, and that the driver did not act as an ordinarily prudent driver would have acted under the same circumstances.

The evidence tended to show and the jury was justified in finding that the private automobile passed defendant's truck, turned in in front of it before reaching the truck driven by plaintiff's decedent, and continued on in front of defendant's truck on its proper side of the road at a rate of speed greater than that of the truck. If such were the case, and defendant's driver had not acted at all, there was no possibility that the private car and defendant's truck would collide. On the other hand, assuming defendant's driver chose to act (and it was another factual

question whether acting at all was negligent or not), then he must act as a reasonably prudent man would act in the same emergency. In that regard, the evidence tended to show that if defendant's driver had applied the trailer brakes at the same time he applied his tractor brakes, the vehicle would not have veered to the left as it did. Evidence of skid marks on the highway tended to show that the trailer brakes were never applied, and opinion evidence was presented to the effect that if they had been applied even after the "jack-knifing" began, the trailer could have been straightened out.

The issues were factual. Appellant makes no contention here that evidence was improperly received or excluded, or that improper instructions were given. The evidence supports the verdict of the jury, and the judgment entered on that verdict must stand.

There has been no error, and the judgment appealed from is affirmed.