GURSTEN *v.* HOFFMAN

AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Directed verdict for defendant in automobile negligence action on ground that defendant traveling south, was not guilty of negligence in failing to see plaintiff traveling north, cross over centerline of road and in failing to apply his brakes at the instant she crossed over to avoid hitting her, *held,* not error, where plaintiff's own testimony was that 2 or 3 seconds elapsed from the time she crossed the centerline to the time defendant hit her automobile and her evidence showed that a car traveling at defendant's speed can be stopped in 2-7/8 seconds.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 4, 1969, at Lansing. (Docket No. 5,636.) Decided July 28, 1969.

Complaint by Sydelle Gursten as next friend of Joyce D. Gursten, a minor, and by Nat Gursten and Sydelle Gursten against Fritz Hoffman and Donald Goldberg for injuries sustained by Joyce D. Gursten as a result of an automobile accident. Directed verdict and judgment for defendants. Plaintiffs appeal and defendant cross-appeals from denial of costs and attorney fees. Affirmed.

*Gursten, Gursten & Lee,* for plaintiffs.

*Howlett, Hartman & Beier (Thomas Wood,* of counsel), for defendants.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobiles and Highway Traffic §§ 361, 362.

Per Curiam. Plaintiff, driving north on Coolidge Highway in the city of Oak Park, was approaching the intersection of Coolidge and Southend when she encountered a yellow traffic light. The pavement was wet and when plaintiff applied her brakes her car unexpectedly swerved into the southbound lane of travel where it was struck by an automobile driven by defendant Goldberg, which was proceeding south on Coolidge.

Plaintiff's only allegation of defendant's negligence was that defendant, had he been driving with due care, would have seen plaintiff swerve into his lane and would have been able to avoid hitting her. In support of this, plaintiff attempted to introduce the opinion testimony of an expert in automobile accident reconstruction that there was sufficient distance between defendant's car and the point of impact, when plaintiff's car crossed into defendant's lane of travel, to have allowed an ordinary man of defendant's age to stop in time. The trial court ruled the testimony inadmissible as an invasion of the province of the jury.

At the close of plaintiff's proofs, the trial court granted defendant's motion for directed verdict, stating:

"Gentlemen, there is not any evidence in dispute which would even tend to show any other theory or hypothesis here based on the testimony and evidence except that the plaintiff was negligent, that the negligence continued to the point of impact and was the proximate cause of the accident. Further, there is no testimony which would indicate that the defendant was negligent in the operation of his vehicle. This, in light of the testimony most favorable to the plaintiff."

A review of the briefs and records presented reveals no reversible error. Plaintiff testified that when she crossed over the centerline toward defendant's line of travel she saw defendant and that 2 or 3 seconds intervened between the time she saw defendant and the time he hit her. Plaintiff's evidence showed that an automobile traveling at 35 miles per hour, which was the speed limit and the speed at which defendant asserted he was driving, can be stopped in 2–7/8 seconds. See Am Jur 2d, Desk Book, Documents Nos. 175 and 176, pp 455, 456.

Coolidge Highway has 4 lanes, 2 lanes north and 2 lanes south. Defendant was traveling in the most westerly southbound lane. Thus, plaintiff did not enter defendant's lane of travel when she crossed the centerline and a portion of the 2 or 3 seconds was consumed in her crossing the easterly southbound lane. We think the trial judge properly concluded that defendant could not be deemed guilty of negligence in failing to perceive plaintiff at the instant that she crossed the centerline even if, as plaintiff argues, had defendant perceived plaintiff's vehicle at that instant and applied the brakes of his car, he could have brought it to a stop in 2–7/8 seconds. Compare *Craddock* v. *Torrence Oil Company* (1948), 322 Mich 510, 517; *Torbert* v. *Smith's Estate* (1930), 250 Mich 62, 65. The trial court's denial of costs and attorney fees to defendants pursuant to GCR 1963, 111.6 was proper.

Affirmed. Costs to appellees.