## TYLER *v.* NELSON.

1. APPEAL—SUFFICIENCY OF DECLARATION.

   An objection to the sufficiency of a declaration cannot be raised for the first time on appeal.

2. NEGLIGENCE—EVIDENCE—ILL WILL—INTENT.

   In an action for damages sustained by a collision on the highway, it appeared that the defendant, who was approaching plaintiff in a buggy on the opposite side of the road, drove across, and ran into and injured the plaintiff's horse. *Held,* that evidence of defendant's ill will towards the plaintiff, before and up to the time of the collision, was properly admitted, as bearing upon his intent or motive in so crossing the road.

3. SAME—CONTRIBUTORY NEGLIGENCE—LAW OF THE ROAD.

   The failure of a driver to exercise due care and caution in attempting to pass another upon the highway is not conclusively established by evidence that he did not observe the law of the road.

4. SAME—GROSS NEGLIGENCE.

   A driver who fails to exercise due care while attempting to pass another driver coming from the opposite direction is not precluded thereby from recovering for injuries to his property resulting from a collision, where the conduct of the other party is wanton and willful.

Error to Van Buren; Buck, J. Submitted January 16, 1896. Decided March 31, 1896.

Case by Sheridan Tyler against John Nelson for the alleged negligent killing of plaintiff's horse. From a judgment for plaintiff, defendant brings error. Affirmed.

*W. N. Cook* and *T. J. Cavanaugh*, for appellant.

*A. H. Chandler* and *Heckert & Chandler*, for appellee.

MOORE, J. This case was commenced in justice's court, tried there, appealed to the circuit court, and tried there. A verdict and judgment were rendered for $40 in favor of the plaintiff. The defendant appeals to this court.

The declaration was in a plea of trespass on the case—

"For that, whereas, the said defendant on, to wit, the 7th day of November, A. D. 1894, at the township of Covert, in said county, with force and arms, drove a certain vehicle, to wit, a buggy, which he, the said defendant, was then and there driving in and along the public highway, with great force and violence upon and against a five-year-old mare of him, the said plaintiff, of great value, to wit, of the value of one hundred dollars, which said mare he, the said plaintiff, was then driving in and along the said public highway, and thereby, then and there, the said defendant drove the end of one of the thills of his said buggy into the side of said plaintiff's said mare, whereby she was greatly wounded, and soon after, by reason of said wound, died."

The plea was the general issue, with notice—

"That the defendant, on the trial of this cause, will give in evidence, and insist in his defense, that, at the time, mentioned in plaintiff's declaration, of driving his horse and carriage, as in said declaration alleged, the defendant was driving north on the highway on a slow trot, and turned his horse to the right, when the plaintiff, who was driving on a slow trot towards the south, on meeting the defendant, suddenly turned his horse to the left, and crossed the road in front of defendant's horse, before the defendant had time to hold up; that, if the plaintiff's horse was injured by the thill of defendant's

carriage, as alleged in his declaration, the same was done by plaintiff's negligence or fault."

It was the claim of the plaintiff, on the trial, that, while he was driving on the highway, going south in the east track of the highway, he saw the defendant coming towards him, from the south, in the west track of the highway; that "the defendant left the west traveled track of the highway, and drove almost directly across to the east traveled track, on which plaintiff was driving, and in a manner so sudden and unexpected that the plaintiff, in endeavoring to avoid a collision, turned his horse to the left, and drove into the ditch adjoining such east tract, but that the defendant, instead of so turning aside as to avoid a collision, drove his horse, in a grossly wanton, willful, and negligent manner, against the plaintiff's horse, whereby said plaintiff's horse was so wounded that it afterwards died."

The defendant denied these claims of the plaintiff, and insisted that he was not responsible for the collision, nor for any injury which resulted therefrom. He claimed that, while he was driving on the public highway, and in the exercise of due care, he met the plaintiff, and that the plaintiff, instead of turning to the right, as defendant expected him to do, and as, in the exercise of due care, he ought to have done, turned to the left so suddenly that a collision occurred, and that, if damage resulted to the plaintiff, it was brought about, either wholly or in part, by the negligence of the plaintiff himself.

The first assignment of error is that the declaration is not sufficient, in law, to maintain this action. We think the declaration sufficient for a declaration in justice's court. No objection was made, either in justice's court or in the circuit court, to the sufficiency of the declaration. As we have repeatedly held, it is too late to raise a question of that nature in this court for the first time.

The second, third, and fourth assignments of error relate to the testimony that was allowed to go to the jury as to the feeling Nelson had towards Tyler before, and

continuing up to the time of, the collision, and what he said about the collision. We think this testimony competent, as bearing upon the question of intent or motive of the defendant in crossing over from the west track to the east track in the manner in which he did. *Detroit Daily Post Co.* v. *McArthur*, 16 Mich. 452; *Druse* v. *Wheeler*, 22 Mich. 444.

All the other assignments of error relate to the refusal of the court to give defendant's requests, and to the general charge as given by the court.

The testimony in the case was very conflicting. If the jury accepted the version given by the plaintiff and his witnesses, it is difficult to see how they could have avoided giving the plaintiff a verdict. On the other hand, if the jury had found the account of the transaction to be as claimed by the defendant and his witnesses, their verdict must have been for the defendant.

The learned trial judge gave, in his general charge, the substance of all the defendant's requests to charge that were good law and applicable to the case. So far as it is necessary to quote his charge, it is as follows:

"The burden of proof is on the plaintiff to establish the truth of the matters which he alleges by a fair preponderance of the evidence in the case. He is not bound to prove his case beyond a reasonable doubt, but he should prove the facts which he alleges by evidence which, in the mind of the jury, weighs more than the evidence given on the part of the defendant.

"And I instruct you, gentlemen, in several requests as presented me by the defendant, as follows:

"You are further instructed that the injury alone will not support an action on the case. There must be a concurrence of the injury and wrong, and if the act be not unlawful in itself, then, unless done in a manner, at a time, or under such circumstances as would render it wrongful or lacking in due regard for the rights of others, there can be no liability for the injury that may result.

"You are instructed that a highway is a public way, for the use of the public in general, for passage and traffic, without distinction, and the restrictions upon its use are only such as are calculated to secure to the general

public the largest practicable benefit from the enjoyment of the easement; and inconveniences such as are only incident to a reasonable use under impartial regulations are not actionable.

"You are further instructed that the law of the road and regulation of public carriages is as follows: Whenever any persons shall meet each other on any bridge or road, traveling in carriages, cars, sleds, sleighs, or other vehicles, each person shall seasonably drive his carriage or other vehicle to the right of the middle of the traveled part of such bridge or road, so that the respective carriages or other vehicles aforesaid may pass each other without interference.

"You are instructed that the traveled part of the road, referred to in the last instruction given you, means that part which is wrought by travel, and is not confined simply to the traveled wheel track.

"The burden of proof is on the plaintiff, not only to show negligence and misconduct on the part of the defendant, but also to show ordinary care and diligence on his own part; and, if you should find that he did not use ordinary care and diligence on his own part, and thus contributed to the injury, and that defendant was guilty of no more than ordinary negligence, you should return a verdict of no cause for action.

"The law of the road, as given you in the instruction just read, requires a traveler by any vehicle on the public highway, on meeting another vehicle, to turn to the right, instead of to the left. But the fact that a person turns to the left, instead of turning to the right, is not conclusive of the question of due care or negligence on his part. There may be cases in which due and proper care would require that he should turn to the left, instead of to the right, and in which it would be negligence on his part to turn to the right. If you, in view of all the circumstances, as you find them to have been, find that, in the exercise of due and proper care, the plaintiff should have turned to the right, instead of turning to the left, then his turning to the left would be negligence on his part; but if, under all the circumstances, it was apparently safer for him to turn to the left, and he did only what a man of ordinary prudence would have done under similar circumstances, then he had a right to disregard the law of the road in that particular, and his turning to the left would not in itself be negligence. If, on the other hand,

you find that plaintiff, in the exercise of due care, could have avoided the collision by turning to the right, and that a man of ordinary prudence would have done so, and that, instead of so doing, he turned to the left, and thereby came into collision with the vehicle of defendant, then such conduct would be negligence on his part; and, if you should find that his negligence contributed to the injury received by the plaintiff, he cannot recover, unless you should find that the action of the defendant was wanton, willful, or so grossly negligent as to indicate a wanton disregard of the rights of the plaintiff.

"And I further instruct you, as requested on defendant's part, as follows:

"You are further instructed that, though you believe, from the evidence, the injury complained of resulted from ordinary negligence on the part of the defendant, still this would not entitle the plaintiff to recover, if you also believe, from the evidence, that, by using reasonable and ordinary care and judgment, the plaintiff could have avoided the collision, and saved his horse from injury. I use the term 'ordinary negligence,' gentlemen, and I will further on instruct you as to the difference between what is called in law, 'ordinary negligence' and 'gross negligence.' The purport of this instruction is that, if you find the defendant only used ordinary negligence,— that is, disregarded those rules of conduct that a man of ordinary prudence would have followed,—but was not guilty of any gross negligence, or wanton and willful disregard of the plaintiff's rights, then, if the plaintiff himself was also negligent, he cannot recover; the rule of law being that, where two parties are careless, and no evil is intended by one against the other, and no gross negligence or wanton disregard by one of the rights of the other, then neither of the parties can recover for the injury.

"Also, as further requested by defendant, that, in order to entitle the plaintiff to recover damages for injuries sustained by reason of the collision, he must show the injuries to have been attributable to the misconduct of the defendant in this case, and under such circumstances as to exonerate himself (the plaintiff) from all contributory negligence on his part; and, unless such is apparent from the evidence in this case, it will be your duty to find a verdict of no cause for action. And I modify that, precisely as I did the former, by saying that would be true if

defendant was guilty of nothing more than what is called 'ordinary negligence.'

"On the part of the plaintiff, I instruct you as follows:

"If you should find, from the evidence, that the plaintiff was guilty of contributory negligence, yet, if it is further found, from the evidence, that defendant's own conduct was wanton, willful, or reckless, whereby said plaintiff suffered injury, as he claims in his declaration, then said plaintiff can recover his damages as may be proved.

"The questions in this case, gentlemen, which might be naturally determined in their order, would be these: The first question: Was the defendant himself negligent? Was he guilty of any wrong towards the plaintiff? If he was not, then you should return a verdict, without making any further inquiry. If, on the other hand, you find that he was negligent, that his acts were not such as a man of ordinary prudence would have performed, then the next question would be the degree of negligence of which he was guilty.

"Ordinary negligence is a disregard, as I have already indicated, of those rules of conduct which would govern men of ordinary care and prudence. It is not required of a man that he should use the highest degree of care,— that he should be always as careful as it is possible for him to be. It is incumbent upon him only to be as careful as men of ordinary prudence and judgment would be under the same or similar circumstances. So that the first question would be, was the defendant lacking in this regard? Were his acts such as a man of ordinary care, prudence, judgment, and caution would not have done? Now, if he was not as careful as men of ordinary prudence would be, then that would be simply what the law calls 'ordinary negligence;' and, if his conduct was no more than this, then the next inquiry would be whether the plaintiff was himself free from negligence which contributed to the injury. That is, would the injury have been brought about if the plaintiff had been himself as careful as men of ordinary prudence would be? The same criterion should determine his conduct as that of the defendant. The plaintiff would not be obliged to use the highest degree of care in order to avoid injury to himself. He would only be required to use that degree of prudence and caution which men of ordinary prudence and caution would use under precisely or very similar

circumstances as you may find them to have been from the testimony.

"Now, as I have instructed you, if the defendant was only ordinarily negligent,—that is, if he was careless,—. and the plaintiff was careless too, and the injury would not have happened without the plaintiff's carelessness, or if the plaintiff's carelessness contributed in any degree to bringing about the injury to himself, then he cannot recover; the rule of law being, as I have indicated, where two parties are negligent, though the negligence be ordinary negligence, neither can recover from the other. If, however, you find, as you have already been instructed, that the plaintiff was himself not in the exercise of due and proper care, but that his conduct was negligent, still, if you find that the conduct of the defendant was wanton and willful, and if he drove his horse and vehicle purposely into plaintiff, or if, as plaintiff claims, he was trying to crowd him, and was doing that which showed a manifest recklessness and disregard of the rights of the plaintiff, and utter indifference as to whether the plaintiff should be injured or not, then another rule would obtain, and he would be liable for his conduct, even though the plaintiff himself may have been careless. So, as I say, it not only may be important for you to determine whether or not the defendant was negligent, but the degree of negligence of which he was guilty. And if you should find that he was guilty of wanton, willful, or gross negligence as I have defined it, then it would be no defense that the plaintiff himself was careless.

"In determining these questions, gentlemen, you are to be the sole judges. You are men of experience and intelligence and caution, men of affairs, and in the light of the testimony, looking at it just as you find it to be from the testimony in the case, it will be for you to say whether the parties were negligent, or whether they were in the exercise of due care, and, if the defendant was negligent, the degree of negligence, and the motive by which he was actuated, and what there is disclosed by his conduct at that time."

The judgment is affirmed, with costs.

The other Justices concurred.