VAN DEN HEUVAL v. PLEWS.

1. AUTOMOBILES — SPEED — INTERSECTIONS — EMERGENCY — AS-
SURED CLEAR DISTANCE AHEAD—LEFT TURN—PARKED CARS.
  Trucker who had made weekly trips over paved trunkline high-
    way on which accident occurred for approximately three years
    was bound to know that approaching cars might make left-hand
    turns at intersection with a graveled county road and since he
    was required by law to have his truck under such control that
    he could avoid a collision with objects in plain view, could not
    avoid liability for damages to plaintiff's car under the claim
    of emergency where, to avoid hitting a car which had been
    seen some 200 feet south of intersection and which turned left
    when defendant's truck was only about 50 feet north of inter-
    section, southbound truck was turned toward left, missed turn-
    ing car and damaged plaintiff's unoccupied car parked 15 feet
    east of pavement and some 50 feet south of intersection (1
    Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub.
    Acts 1933).

2. Same—Proximate Cause—Parked Car—Trucker's Negligence.
   Proximate cause of damages to plaintiff's car which was unoccupied and parked some 15 feet east of paved trunkline highway and 50 feet south of south line of intersection with graveled county road was defendant trucker's negligence in failing to have his partially loaded southbound truck under proper control, as he approached intersection at which an approaching car made a left turn when truck was only about 40 or 50 feet from the crossing (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

Appeal from Mason; Neal (Max E.), J. Submitted October 12, 1939. (Docket No. 147, Calendar No. 40,814.) Decided December 20, 1939.

Case by Charles Van Den Heuval against Wallace Plews and Gordon Van Cheese Company to recover for damages to plaintiff's automobile which was struck while parked. Judgment for plaintiff. Defendant appeals. Affirmed.

*Eugene Christman (A. A. Keiser, of counsel), for plaintiff.

*John D. B. Luyendyk,* for defendant.

Bushnell, J. Plaintiff, in an action tried by the court without a jury, recovered a judgment of $757.50 for damages to his car by reason of the claimed negligent operation of a truck owned by defendant Gordon Van Cheese Company and operated by defendant Plews. Plaintiff's car at the time of the collision was unoccupied and parked near a tree about 15 feet from the east edge of the paved portion of U. S. Highway No. 31, and about 50 feet south of the south line of its intersection with an east-and-west graveled county road.

The collision occurred on the afternoon of July 26, 1938, when visibility and weather conditions were

normal. Defendant Plews was driving the Cheese Company truck south on U. S. Highway No. 31 toward the intersection and descending a hill at a speed of about 40 miles per hour. When about 200 feet north of the intersection he noticed cars approaching from the south. One of them, a Ford, was first seen by him when it was about 200 feet south of the intersection. When Plews was 40 or 50 feet from the crossing, the Ford stopped to turn left on the county road. Plews applied his air brakes, and discovered he could not control his truck, which weighed 7,000 pounds and had a load of 2,500 to 3,000 pounds on it. He crossed to his left side of the road, missed the Ford, and hit plaintiff's car, shoving it up against a tree.

Defendant Plews' claim of an emergency is of no avail because, having passed over this crossing weekly for approximately three years, he was bound to know that approaching cars might make left-hand turns in the intersection and was required by law to have his truck under such control that he could avoid a collision with objects in plain view.[*] The proximate cause of the accident was Plews' negligence. No complaint is made as to the damages being excessive.

The judgment entered upon the finding of the court, sitting without a jury, is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

[*] See 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Stat. Ann. § 9.1565).—REPORTER.