CONROY v. HARRISON.

BROOKS v. SAME.

1. TRIAL—PRETRIAL STATEMENT.

The pretrial statement, not modified at or before the trial, controls the subsequent course of the action (Court Rule No 35 [1945]).

2. AUTOMOBILES — REAR-END COLLISION — PROXIMATE CAUSE — EVIDENCE—STATUTES—PRESUMPTIONS.

Finding of trial court that defendant motorist was not guilty of negligence as a matter of law under evidence presented in action arising out of his collision with the rear end of plaintiffs' car *held*, reversible error and contrary to the clear preponderance of the evidence, where defendant's admission of inattentiveness to duty ahead, established by both pleadings and evidence tending to support, rather than oppose, the statutory presumption of his negligence, was the proximate cause of the collision and plaintiffs' damages (CLS 1956, § 257-.402).

3. APPEAL AND ERROR—REMAND FOR TRIAL LIMITED TO DAMAGES.

Remand of action, arising out of rear-end collision, is ordered for new trial limited to trial of issue of damages only, where defendant's negligence proximately causing plaintiffs' damages was established as a matter of law, and there is no indication of further proofs which might tend to excuse defendant (CLS 1956, § 257.402).

Appeal from Calhoun; Magnotta (Alfonso A.), J. Submitted May 8, 1962. (Docket Nos. 74, 75, Calendar Nos. 49,170, 49,171.)   Decided December 3, 1962.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 11.
[2] 5A Am Jur, Automobiles and Highway Traffic § 236 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 965.
Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages awarded.   29 ALR2d 1199.

Case by Russell W. Conroy, administrator of the estate of Clarence C. Kruger, deceased, against Ross Harrison for personal injuries sustained in automobile collision. Similar action by Cleda Kruger Brooks, formerly Cleda Kruger. Cases consolidated for trial and on appeal. Judgments for defendant. Plaintiffs appeal. Reversed and remanded for new trial limited to determination of damages.

*Roger H. Nielsen* and *Russell W. Conroy,* for plaintiffs.

*McAuliffe & Harbert (J. W. McAuliffe,* of counsel), for defendant.

KAVANAGH, J.  Plaintiffs appeal from judgments of no cause for action, in these consolidated cases, entered by the trial court following trial without a jury in the Calhoun county circuit court.

The trial court found that the collision between the parties was caused by a sudden emergency, not due in any respect to the fault or negligence of defendant; and that the emergency, which was caused by a third party, was the sole and proximate cause of said collision.

The court further found that plaintiffs had failed to meet the burden of proof on the controlling question of negligence of the defendant.

The nature of these suits is fully set forth in paragraph 6 of the duplicate declarations filed by the plaintiff driver and the plaintiff passenger against the defendant, which reads as follows:

"That at said time and place the said plaintiff was preparing to make a right-hand turn from the said West Michigan avenue into the said Lamora avenue, and that as she neared the said intersection she operated the said vehicle near the northerly curb of the said West Michigan avenue and was signaling

her intentions of making a right-hand turn, and as she was commencing to make the said right-hand turn a pedestrian commenced to cross the said Lamora avenue at the northerly side and the said plaintiff stopped the vehicle as she was commencing to make the said right-hand turn, and while her car was so stopped the said defendant permitted the front portion of his said vehicle to collide with the rear portion of the said vehicle operated by the said plaintiff."

Defendant's answer to paragraph 6 of the declaration is as follows:

"This defendant admits the allegations contained in paragraph 6 of said declaration."

The pretrial statement confirmed the foregoing status of the pleadings. It was not modified at or before the trial under section 4 of Court Rule No 35 (1945)* and accordingly controlled the subsequent course of the 2 actions. The pretrial statement provided:

"Counsel announces satisfied with their own respective pleadings, that the same raises the pertinent issues involved and that there will be no further amendments, alterations, et cetera, to the same."

Defendant's trial brief advised the trial judge as follows:

"This accident happened on July 7, 1954 at the intersection of W. Michigan ave. and Lamora ave. in the city of Battle Creek, Calhoun county, Michigan.

"Both cars had been proceeding in a westerly direction, both were traveling within the controlling speed limits and defendant was traveling at a reasonable distance to the rear of plaintiffs' car.

---

* As amended. See 352 Mich xv.—Reporter.

"Plaintiff driver had signaled an intention of turning to the right and·was making a gradual turn in that direction.

"Defendant glanced in the rear view mirror to observe the approaching traffic preparatory to passing plaintiffs' car. A small child darted out in front ·of plaintiffs' car and it was brought to a sudden and unexpected stop. Defendant turned back to look ·ahead and saw the unexpected and sudden stop of ·plaintiffs' car and applied the brakes but struck plaintiffs' car from the rear."

The trial judge, citing no authority, held that both drivers were confronted by a sudden emergency not of their own negligent making, and concluded that, therefore, the plaintiffs had not sustained the burden ·of proof of defendant's negligence. He ordered judgments in favor of defendant, from which judgments plaintiffs appeal.

The only persons testifying at the trial were Cleda Kruger Brooks, plaintiff driver, and Ross Harrison, defendant.

The only conflict in the pleadings, admissions, and the testimony of Mrs. Brooks and defendant occurs in the testimony of defendant as to when the arm signal was given. He testified plaintiff driver did not extend her arm until she actually stopped her vehicle.

The trial judge erred in finding defendant free from negligence. The defendant's admissions, both by pleadings and testimony, establish that his inattention to duty ahead was the proximate cause of this collision and of such damages as plaintiffs may have suffered.

The testimony supports, rather than opposes, the statutory presumption that defendant was negligent. (CLS 1956, § 257.402 [Stat Ann 1960 Rev § 9.2102].)

Justice SOURIS in the majority opinion in *Garrigan* v. *LaSalle Coca-Cola Bottling Co.,* 362 Mich 262, 266, a similar rear-end collision case, said:

"Indeed, it may be said that plaintiff's own testimony tends to support, rather than oppose, the statutory presumption of his own negligence."

In the case before us, the weight of the testimony and the binding admissions of defendant in the pleadings, supplement rather than oppose the statutory presumption of negligence.

The judgments for defendant must be reversed as contrary to law as well as to the clear preponderance of the evidence.

There being no indication of further proofs which might tend to excuse defendant, and his negligence having been established by unreserved admissions, the trial court on remand will proceed to trial of the issue of damages only and will enter judgments accordingly.

Reversed and remanded. Plaintiff shall have costs.

BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with KAVANAGH, J.

CARR, C. J. (*concurring in reversal*). These cases resulted from a traffic accident occurring on West Michigan avenue in the city of Battle Creek on July 7, 1954, at approximately 5 o'clock in the afternoon. It is conceded that an automobile operated by defendant Harrison ran into the rear of a car driven by plaintiff Cleda Kruger Brooks in a westerly direction, in which her then husband, Clarence C. Kruger, was riding as a passenger. The case brought by Mrs. Brooks was instituted July 3, 1957. Summons was issued in the suit brought by the ad-

ministrator on November 8th following. Answers were duly filed by defendant, to which plaintiffs replied. The pretrial statement was filed February 25, 1959, and the cases, consolidated for trial, were heard before the circuit judge without a jury on October 13th of the same year.

It was the claim of Mrs. Brooks on the trial that it was her intention to turn north from Michigan avenue to Lamora avenue, that she at the time noticed a small child approaching Lamora from the east on the north side of Michigan, presumably for the purpose of crossing, and that to avoid the danger of striking said child she immediately brought her car to a complete stop. The rear-end collision followed. The only witnesses as to the accident on the trial were Mrs. Brooks and the defendant Harrison. After listening to the proofs the circuit judge determined that the accident was the result of a sudden emergency which was the sole and proximate cause of the impact. He therefore concluded that plaintiff had not established liability on the part of the defendant on the theory of the latter's negligence. Judgments were entered in accordance with the finding. Motions filed by plaintiffs for new trials were denied, and the causes have been appealed to this Court, plaintiffs asking that new trials be granted.

In each of the declarations filed it was asserted that Mrs. Brooks was "in the exercise of due care and caution at said time and place and was without negligence and/or contributory negligence in the premises." Defendant by answers denied said allegations. On the pretrial hearing counsel on both sides indicated that they were satisfied with their respective pleadings and that no further amendments would be sought. Prior to the date of the pretrial, however, this Court had amended Michigan

Court Rule No 23 (1945) by adding thereto the following :*

"In all negligence cases tried after the effective date hereof, the contributory negligence of the plaintiff shall be deemed to be a matter of affirmative defense to be pleaded and proved by defendant.

"In cases pending as of the effective date of this rule, amendments to pleadings to conform to its provisions shall be granted on motion filed prior to trial."

In accordance with his statement made at the pretrial, counsel for defendant did not seek to amend his answer to affirmatively plead contributory negligence on the part of Mrs. Brooks. The cases were therefore tried without such issue being properly raised. This, of course, becomes immaterial if the circuit judge was correct in holding that the sole proximate cause of the accident and the claimed injuries sustained therein was an emergency created by the noted approach of a small girl to Lamora avenue, on the north side of Michigan avenue, with the presumed intention of crossing it. The situation thus presented clearly called for the exercise of care and caution on the part of Mrs. Brooks. Whether she acted reasonably at the time and with due regard to traffic on West Michigan is a question to be determined on the basis of proofs.

We cannot agree with the decision of the circuit judge that the conduct of the child in question presented an emergency. Situations involving the duty to exercise care for the safety of another customarily arise in the course of traffic on the public streets and highways, especially when such traffic is somewhat congested as apparently it was at the time of the accident here involved. The situation confronting

* Section 3a, adopted April 14, 1958, to become effective June 1, 1958.   352 Mich xiv.—REPORTER.

Mrs. Brooks was not an unusual one. As before indicated, the question of contributory negligence on her part is not raised by the pleadings, and on retrials of the causes of action the issues, under the pleadings as they now stand, involve the matter of alleged negligence on the part of defendant, the proximate cause of the accident, and questions pertaining to damages.

In determining the issue as to defendant's negligence as a proximate cause consideration must be given to the conduct of Mrs. Brooks in the operation of her vehicle. Defendant's claim with reference to the situation is fairly indicated by the following excerpts from his testimony on the trial:

"*Q.* Can you tell me how far—have you any estimate how far behind the Kruger car you were traveling?

"*A.* Four or 5 car lengths. I do know I was following far enough so if she had signaled I could have stopped.

"*Q.* At the time Mrs. Kruger started to stop, or did stop, were you watching her car?

"*A.* Excuse me, I didn't get it.

"*Q.* Did you continue to watch her car up to Lamora?

"*A.* Yes.

"*Q.* Did you look in any other direction at any time, for any reason?

"*A.* Just a fraction of a second. Before she got to Lamora she hadn't slowed down and I looked out the rearview mirror to see if I had room to get into traffic and pass her car; we were going into the 45-mile zone.  * * *

"*Q.* Well I am more concerned with what you saw with respect to the Kruger car when you looked back from the rearview mirror.

"*A.* When I looked back she was practically stopped. She had slammed on her brakes and just stuck her arm out the window at that time.

"*Q.* Before you looked in the rearview mirror, had her arm been out of the window?

"*A.* Never, and no tail lights even then, either they didn't work or were covered with dirt.

"*Q.* She slammed on the brakes?

"*A.* Yes.

"*Q.* How do you arrive at that?

"*A.* Because her car tilted up.

"*Q.* Front down, back up?

"*A.* Yes.

"*Q.* Going on when you turned around?

"*A.* Yes.

"*Q.* You had no reason to anticipate that she would stop suddenly?

"*A.* No."

Mrs. Brooks stated that she saw the little girl in question on the north side of Michigan avenue, and further testified as follows:

"*Q.* How far did you travel when you first saw her and stopped, your best estimate?

"*A.* Probably 2 feet.

"*Q.* Did you tell us this morning you were going 20–25 miles an hour?

"*A.* Yes, sir.

"*Q.* Were you going that when you saw the child?

"*A.* No, sir.

"*Q.* How much had you slowed down?

"*A.* I slowed down to make the turn; those turns off Michigan avenue aren't big curves, and I had slowed down.

"*Q.* How fast were you going when you saw her?

"*A.* Probably 2 or 3 miles, I came to almost a stop.

\* \* \*

"*Q.* \* \* \* Do you know what the little girl did after you put on the brakes and stopped?

"*A.* No, I do not, no.

"*Q.* Do you know whether she proceeded on?

"*A.* No, we were hit and I do not remember from that time until we got out of the car.

"*Q.* Until the time you were hit, did you observe the little girl during that period?

"*A.* No, she was so little, and I being on the left hand side of the car I didn't see her; you know, sitting in the car she was down below view.

"*Q.* How far off the curb did she get while you did see her?

"*A.* She was still up on this path."

Apparently the trial judge was somewhat confused by the testimony of Mrs. Brooks and proceeded to ask her a number of questions in the course of which reference was made to an exhibit which was a photograph or picture of the place where the accident occurred. This exhibit has not been submitted to this Court as a part of the record on appeal. Referring to the child, the following questions were asked by the judge:

"*The Court:* Have you any estimate of the distance when you first saw her to the curb line, the east line of Lamora street?

"*A.* From here, or there?

"*The Court:* When you first saw her on the east line of Lamora. What is the distance?

"*A.* Probably 8 feet.

"*The Court:* Did you say 8 feet?

"*A.* Yes, sir.

"*The Court:* This point of the curb, right?

"*A.* Whatever that is.

"*The Court:* How far were you from the east line of Lamora street when you first saw her?

"*A.* Back about like this.

"*The Court:* How far is that from the east line of Lamora street?   *   *   *

"*A.* Well, probably 20 feet.

"*The Court:* That's your best judgment? You feel about 20 feet? I have never been out there.

"*A.* I would say approximately 20 feet.

"*The Court:* All right."

The testimony of Mrs. Brooks throws no light on the question as to the distance between the front of her automobile and the course that the child in question would presumably have taken in crossing Lamora if such was her intention. Was she required to stop as suddenly as her testimony indicates she did? At the rate of speed that she claims to have been driving she apparently had her car under complete control. Could she with safety have continued her contemplated turning operation to a point that would have removed her from the traffic on Michigan avenue? These are questions calling for specific proofs which we do not find in the record before us. In view of defendant's testimony the question further becomes material as to when Mrs. Brooks signaled her intention to stop or to turn.

In view of the condition of the record before us we do not think that the retrial of the plaintiffs' alleged causes of action should be limited to the matter of damages. We cannot say that as a matter of law the defendant was guilty of negligence constituting a proximate cause of the accident and any injuries to the plaintiffs received therein. The testimony of the defendant to the effect that he was driving a sufficient distance behind the Kruger car as the vehicles proceeded along Michigan avenue to permit him to stop is not disputed. He had the right to assume that the driver of the car preceding him would not suddenly slow down, stop, or turn without giving a reasonable signal of the intention to do so. It seems apparent that the proofs bearing on the question of liability may be made much more definite and specific than as presented on the record now before us. New trials must be granted, but they should not be limited to the matter of damages solely.

DETHMERS and KELLY, JJ., concurred with CARR, C. J.