RYDER v. MURPHY.

1. Automobiles — Parking — Snowstorm — Statutes — Instruction—Successive Rear-End Collisions.

A question of fact was presented for consideration of jury as to whether plaintiff was using the highway unlawfully and guilty of contributory negligence by evidence showing a westbound truck had stopped on a 2-lane, east-and-west highway in a blinding snowstorm, a car had stopped behind it, a second car skidded into the first, a third car swerved right onto the shoulder, plaintiff's car slid into the rear of the second car, and a minute later, the right front fender of defendant's car collided with the left rear fender of plaintiff's car, where it appears it may have been *possible* for plaintiff to have driven his car on the right shoulder, hence, trial court's refusal to instruct jury that, as a matter of law, plaintiff, when struck, was not guilty of parking contrary to statute was not error (CLS 1956, § 257.672, as amended by PA 1959, No 151).

2. Same—Speed—Assured Clear Distance Ahead—Question for Jury.

Whether or not defendant's driver proceeding westerly in a blinding snowstorm on a 2-lane highway at speed of 5 to 10 miles an hour was guilty of negligence in colliding with plaintiff's westbound car which had, a minute theretofore, collided with rear end of a car which preceded it, in that such driver had not

---

References for Points in Headnotes

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1013, 1018, 1019.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 732, 1012, 1013.
   Liability for motor vehicle accident where vision of driver is obscured by smoke, dust, atmospheric condition, or unclean windshield. 42 ALR2d 13.

[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1032, 1034.

[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 828, 1023.
   Contributory negligence of driver or occupant of motor vehicle parked or stopped on highway without lights. 67 ALR2d 92.

proceeded at a speed that would have enabled her to stop
within the assured clear distance ahead *held,* properly left to
jury under circumstances showing 5 cars had been involved
behind a stopped truck (CLS 1956, § 257.627, as amended by
PA 1959, No 76).

3. SAME—INSTRUCTION—STATEMENT OF CLAIMS—SNOWSTORMS.
    Relation to jury by trial court of actions and experiences of
    drivers of second and third cars behind stopped westbound
    truck on a 2-lane highway during a blinding snowstorm *held,*
    not error, in action by driver of fourth car against owner of
    fifth car for damages arising from collision, where trial court
    did not instruct as to unavoidable accident and made it clear
    that he related such experiences in connection with statement
    of defendant's claims.

4. SAME—CONTRIBUTORY NEGLIGENCE—SNOWSTORM—TAILLIGHTS.
    Evidence presented in case arising from collision between fourth
    and fifth cars that were stopped behind a westbound truck on
    a 2-lane highway in a blinding snowstorm, justified submission
    to jury of question of whether or not plaintiff may have been
    guilty of contributory negligence in failing to have his tail-
    lights on.

Appeal from Saginaw; Borchard (Fred J.), J.
Submitted October 10, 1963. (Calendar No. 28,
Docket No. 49,850.) Decided November 4, 1963.

Case by William H. Ryder against Edward
Murphy for personal injuries sustained in rear-
end collision of automobiles in snowstorm March
24, 1960. Verdict and judgment for defendant.
Plaintiff appeals. Affirmed.

*William J. Ginster,* for plaintiff.

*Smith, Brooker & Harvey* (*Webster Cook,* of
counsel), for defendant.

DETHMERS, J. This is an automobile accident case.
From verdict and judgment of no cause for action
plaintiff appeals. His sole claims of error are di-
rected to the court's instructions to the jury.

The accident occurred on an icy, slippery, 2-lane, east-and-west highway on which plaintiff was driving west. There was a large snowbank and drift along its north side. There was partly disputed testimony that the shoulders were "cleaned good" 8 or 9 feet wide, so that there was "a lot of room on the shoulder" for traffic to go around. The visibility was poor, it was snowing hard and driving conditions were hazardous.

There was testimony permitting the jury to find that at the scene of the accident the following occurred: One Bathke was driving west at about 15 miles per hour in a blinding snowstorm; he saw lights of a truck ahead of him and skidded into the back of a car stopped behind the truck; one Brown, also driving west at about 15 miles per hour and keeping a close lookout for cars ahead of him, observed the standing Bathke car and would have struck it were it not for the fact that his application of his brakes caused his car to swerve right onto the shoulder and past the Bathke car; then plaintiff's car came along, going west at about 10 miles per hour, and when he saw Bathke's car and concluded he could not pass it on the left because of the approach of a truck from the west, he applied his brakes and slid into the rear of the Bathke car; about a minute later defendant's driver came, going west at about 5 to 10 miles per hour and when she was a car or a car and a half's length behind plaintiff's car she first saw it, saw it as a "blur"; she applied her brakes, turned to the left and her right front fender struck plaintiff's left rear fender.

Plaintiff contends that the court erred in refusing to instruct the jury that as a matter of law plaintiff, when struck, was not guilty of parking within the meaning of CLS 1956, § 257.672, as amended by PA 1959, No 151 (Stat Ann 1960 Rev § 9.2372), and was using the highway lawfully, and instructing the

jury, instead, a question of fact for jury determination was presented by the evidence in this connection. The noted statute makes it unlawful to leave a vehicle standing on the main-traveled part of the highway, as plaintiff's was, when it is possible to place it off such part of the highway. In view of the possible finding, under the proofs most favorable to defendant, that a minute elapsed between plaintiff's striking the Bathke car and the striking of plaintiff's car by defendant, that it was not then damaged, and that there was a lot of room on the right shoulder onto which plaintiff might have driven, particularly when he knew of the danger of leaving his car standing where it was as evidenced by the immediately preceding occurrences, a question of fact for the jury was presented. This is all the more so when it is considered that the proofs were permissive of a jury finding of fact that the standing of plaintiff's car in the position where it was when struck was due to the very negligence on plaintiff's part of which he charges defendant in striking him, namely, failure to drive at a speed and in a manner such as to be able to bring his car to a stop within the assured clear distance ahead. Without holding him guilty of contributory negligence in that respect as a matter of law, we do hold that a question of fact was presented in that regard. The court did not err in leaving it to the jury, as a fact question, whether plaintiff's car stood where it did as a result of plaintiff's negligence.

After instructing the jury about the presumption that a driver is guilty of negligence in striking the rear of another automobile and that the presumption is rebuttable, the court left it to the jury to determine as a matter of fact whether defendant had been driving at a speed greater than would permit her to bring it to a stop within the assured clear

distance ahead in violation of ·statute* and, hence, was guilty of negligence. Plaintiff says that the court erred in leaving it as a question of fact and not instructing that defendant was, as a matter of law, guilty of negligence in that regard.

As already noted, Bathke approached the scene of the accident on the same icy pavement and in the same snowstorm and conditions of poor visibility, at a speed of about 15 miles per hour, and Brown did the same at 15 miles per hour. Plaintiff, in his declaration, alleged that he had proceeded "at a prudent speed with due caution", which, in his testimony, he said had been about 10 miles per hour. Defendant approached at from 5 to 10 miles per hour. Was she, as a matter of law, guilty of driving at a speed which was not, in the language of the statute "a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to traffic  *  *  *  or any other condition then existing  *  *  *  at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead"? The usual test applied to whether an act is careful and prudent, reasonable and proper, is that of what an ordinary, reasonable and prudent person would do under like circumstances. Here the comparable conduct of the other drivers at the scene might well be considered as giving rise to some question of fact for the jury as to what had been then and there careful, prudent, reasonable, and proper, namely, that which an ordinary, reasonable, and prudent person would have done under like circumstances; whether speed which was within that which plaintiff alleged in his declaration to be prudent and with due caution in his case, was otherwise when applied to defendant. It would appear from the physical conditions then and there

* CLS 1956, § 257.627, as amended by PA 1959, No 76 (Stat Ann 1960 Rev § 9.2327).—Reporter.

existing and the like experiences of the several drivers approaching the scene, that, as in *Nass* v. *Mossner,* 363 Mich 128, a question of fact was presented as to what was the "assured, clear distance ahead" of defendant, and as to whether defendant would earlier have seen plaintiff's car ahead of her and avoided it had she been in the exercise of due care. Might not the situation ahead of defendant have been "undiscernible to a person approaching the same in the exercise of due care"? As in *Nass,* we think this was, under the difficult and extraordinary conditions existing at the scene of the accident, a question of fact for the jury.

Plaintiff contends that the court erred in telling the jury what defendant claimed concerning the actions and experiences of drivers Bathke and Brown, which might have led to the inference of an unavoidable accident. The court did not instruct as to unavoidable accident and made it clear that what was said about those 2 drivers constituted defendant's claims, not the views of the court. No error occurred in this connection.

Finally, plaintiff assigns error in the court's leaving to the jury the question of fact as to whether plaintiff may have been guilty of contributory negligence if he failed to have his taillights on. Plaintiff says the proofs are conclusive that those lights were on at the time of accident. There is no profit in setting forth the pertinent testimony. Suffice it to say that the testimony on the subject was such that it was within the realm of reasonable conclusion for the jury to find to the contrary. No error here.

Affirmed. Costs to defendant.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.