ALFORD *v.* GOSLOW.

1. Automobiles—Rear-End Collision—Presumption of Negligence
—Sudden Emergency.

> A rear-end automobile collision gives rise to a presumption of
> negligence on the part of the driver of the vehicle which
> collides with another, but the presumption is overcome when
> the collision is proven to have occurred in the midst of a
> sudden emergency not of defendant's making (CLS 1961,
> § 257.402).

2. Same—Assured Clear Distance—Failure to Stop—Negligence
—Sudden Emergency.

> Violation of the assured clear distance ahead rule by a motorist,
> resulting in a collision, ordinarily constitutes negligence *per se*,
> but such negligence may be found not to exist when the colli-
> sion is proven to have occurred in the midst of a sudden
> emergency not of defendant's making (CLS 1961, § 257.627).

3. Same—Questions for Jury—Negligence—Sudden Emergency.

> Questions of defendant's negligence and whether sudden emer-
> gency did exist were properly questions of fact to be deter-
> mined by jury in automobile collision case in which defendant
> who had collided with rear end of vehicle in which plaintiff
> was riding claimed defense of sudden emergency not of de-
> fendant's making (CLS 1961, §§ 257.402, 257.627).

4. Same—Directed Verdict—Rear-End Collision—Sudden Emer-
gency.

> A jury could reasonably have found, under evidence adduced,
> that defendant was faced with a sudden emergency not brought
> about by defendant driver, hence, denial of plaintiff's motion
> for directed verdict was proper in automobile rear-end collision

---

References for Points in Headnotes

[1–4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 773 *et
seq.*, 896–932.

case, where defendant claimed sudden emergency not of his making when automobile in which plaintiff was riding came to a sudden stop to allow an ambulance with siren and blinkers on to pass in front of it (CLS 1961, §§ 257.402, 257.627).

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 June 2, 1966, at Lansing. (Docket No. 375.) Decided September 13, 1966.

Declaration by Earl Alford against Russell Goslow for personal injury suffered in an automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*White, Newblatt, Nelson, Hart & Crawford (Robert J. White,* of counsel), for plaintiff.

*Robert D. Stalker,* for defendant.

T. G. KAVANAGH, J. This action involved a rear-end automobile collision. It was tried before a court and jury. The defendant claimed that he was confronted with a sudden emergency when the automobile in which the plaintiff was a passenger came to a sudden stop to allow an ambulance with siren and blinkers on to pass in front of it. The jury returned a verdict of no cause for action. Plaintiff appeals.

The argument we are asked to accept by plaintiff is that the defendant, in view of the rear-end collision statute[1] and the assured clear distance ahead statute,[2] was guilty of negligence as a matter of law.

That violation of the rear-end collision statute gives rise to a prima facie case of negligence and that violation of the assured clear distance ahead rule constitutes negligence *per se,* cannot be denied. *McKinney* v. *Anderson* (1964), 373 Mich 414. How-

---

[1] CLS 1961, § 257.402 (Stat Ann 1960 Rev § 9.2102).
[2] CLS 1956, § 257.627 (Stat Ann 1965 Cum Supp § 9.2327).

ever, the Court in the *McKinney Case* (p. 419) goes on to point out that "such presumption is overcome and such negligence is found not to exist when the collision is proven to have occurred in the midst of a sudden emergency not of defendant's making." The question then of defendant's negligence in violation of the statutes and of whether a "sudden emergency" did exist were properly questions of fact to be determined by the jury. *Patzer* v. *Bowerman-Halifax Funeral Home* (1963), 370 Mich 350; *Ryder* v. *Murphy* (1963), 371 Mich 474.

A review of the record indicates that the instructions given the jury were sufficiently clear and explicitly covered the apposite rules of law.

As was stated in *McKinney* v. *Anderson, supra* at 420, "a jury could reasonably have found these facts to constitute a situation of sudden emergency not brought about by defendant driver. Therefore, the instructions given and the denial of plaintiff's motion for directed verdict were proper."

Judgment affirmed. Costs to defendant.

LESINSKI, C.J., and McGREGOR, J., concurred.