O'DELL *v.* JAMES.

1. Negligence—Sudden Emergency—Evidence—Jury Instruction.

Evidence in case arising out of rear-end automobile collision consisting of defendant's testimony "all of a sudden I saw the car in front of me" was insufficient to justify injection by trial judge of issue of sudden emergency in instruction to jury.

2. Same — Jury Instruction — Supplemental Charge — Sudden Emergency.

Attempt to eliminate improper issue of sudden emergency compounded error of injection of that issue by supplemental instruction that although there was no claim by defendant that plaintiff made a sudden stop the jury could nonetheless find that plaintiff had suddenly stopped and consider that in its determination.

3. Same—Fair Trial—Unfounded Issue—Sudden Emergency.

Erroneous injection of issue of sudden emergency by trial judge by way of jury instuction not properly corrected by supplemental charge raises sufficient probability that plaintiffs were denied fair trial to warrant the granting of a new trial despite verdict in their favor.

Appeal from Common Pleas Court of Detroit, Kent (George D.), J. Submitted Division 1 June 11, 1968, at Detroit. (Docket No. 3,967.) Decided October 21, 1968. Leave to appeal granted March 18, 1969. 381 Mich 809.

Complaint by George W. O'Dell and Ruth M. O'Dell against William C. James for personal inju-

---

References for Points in Headnotes
[1-3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1031.

ries and property damage suffered in automobile collision on April 4, 1966. Verdict and judgment for plaintiffs. Plaintiffs appeal. Reversed and remanded.

*Jesse R. Bacalis,* for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Shaw (Gerald S. Surowiec,* of counsel), for defendant.

PER CURIAM. The defendant's automobile rear-ended the automobile of plaintiff George W. O'Dell while the latter was stopped for a red traffic signal. The jury returned a verdict of $450 in plaintiff's favor and of $50 for loss of consortium in favor of his wife, the other plaintiff. Plaintiffs appeal asserting, among other things, that the trial judge erred in injecting by his charge the issue of sudden emergency although the issue had not been earlier raised by the defendant either in his pleadings, pretrial statement or oral argument and was not supported by evidence.

Defendant-appellee makes a three-fold response: (1) there was evidence of sudden emergency, (2) if there was not, the trial judge's supplemental charge corrected the matter, and (3) since the jury returned a verdict in plaintiffs' favor, the error, if any, was not prejudicial to the plaintiffs.

We are satisfied the evidence did not justify the injection of the sudden emergency issue by jury instruction. The portion of the record relied on by the defendant shows only that the defendant testified "all of a sudden *I saw* the car in front of me." (Emphasis supplied.)

The trial judge's supplemental charge did not cure the error. On the contrary, the supplemental charge compounded the error by telling the jury that de-

·spite the fact there was "no direct claim of sudden stopping, as such; that in cross-examination the defendant did not characterize the stop to have been sudden", the jury could nevertheless find, if it chose to do so, that plaintiff-driver had suddenly stopped and consider that in its determination.\*

Our examination of the record leads us to conclude that the trial judge's erroneous instructions may well have deprived plaintiffs of a fair trial despite the fact that a verdict was rendered in their favor. Compare *Bishop* v. *Plumb* (1961), 363 Mich 87.

Reversed and remanded for a new trial. Costs to appellant.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.

---

\* "Members of the jury, it has been brought to my attention that the court said that it was the defendant's claim, in his denial of negligence, that the plaintiff suddenly stopped in front of him, and that he tried to stop but his foot slipped off the brake and hit the accelerator; that is what the court understood the claim to be. It has been brought to the court's attention that during the testimony there was no direct claim of sudden stopping, as such; that in cross-examination the defendant did not characterize the stop to have been sudden. The court says to you, that if you find that there has not been the claim of a sudden stopping in front of the defendant's vehicle, you should strike that from your minds. If you find that the plaintiff stopped, that the defendant claimed that the plaintiff suddenly stopped. in front of him, you may consider that as part of the claim of defense by way of negligence; that is entirely up to you. The court merely outlined to you what he thought was the claim of the defendant, however it is characterized, it is up to you to determine from the testimony which you have heard from the witness stand."