JACKSON v COELING

Docket No. 65762. Submitted August 17, 1983, at Grand Rapids.—
     Decided April 2, 1984. Leave to appeal applied for.

     Donald and Jacqueline Jackson brought an action for damages
     against Robin Coeling, arising from a one-car accident in which
     Mrs. Jackson, a passenger in a car driven by Coeling, was
     injured. Plaintiffs alleged that defendant's negligence caused
     the accident, which occurred when the car struck a patch of ice
     on the pavement, defendant lost control, and the car hit a
     guard rail. At trial, the court instructed the jury that negli-
     gence could be inferred if the defendant was found to have
     violated the statutes prohibiting careless driving or driving at a
     speed not reasonably proper for existing traffic, highway, or
     other conditions, but that the jury could find such a violation to
     be excused *because of weather conditions. Judgment* was en-
     tered on a verdict of no cause of action, Kent Circuit Court,
     George V. Boucher, J., and plaintiffs appeal. *Held:*

     1. The jury instruction on excuse is to be used only where the
     alleged excuse is adequate under the facts and circumstances of
     the case. Here, the statute's description of "any other condi-
     tions" is broad enough to include weather conditions. The
     existence of weather conditions affecting the road cannot be an
     excuse for violating the statute requiring that those very
     conditions be taken into account. The jury instruction on
     excuse was, therefore, inapplicable.

     2. The excuse instruction was also not appropriate where the
     claim was made that negligence could be inferred from viola-
     tion of the statute prohibiting careless or negligent driving.

     3. The giving of the excuse instruction was not harmless
     error because of the likelihood of jury confusion.

     4. A jury instruction on proximate cause other than the

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1105, 1108.
[2, 3, 4] 7A Am Jur 2d, Automobiles and Highway Traffic § 810.
     8 Am Jur 2d, Automobiles and Highway Traffic § 1112 *et seq.*
[4] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 433, 437.
     8 Am Jur 2d, Automobiles and Highway Traffic § 118.

driver's negligence was inappropriate, but in this case was harmless error because the jury never reached the question of proximate cause.

Reversed and remanded.

1. NEGLIGENCE — MOTOR VEHICLES — VIOLATION OF STATUTE — EXCUSE — JURY INSTRUCTIONS.

   A jury instruction allowing a motor vehicle driver to be excused from a violation of a statute is appropriate only where the excuse is an adequate one under the facts and circumstances of the case (SJI2d 12.02).

2. NEGLIGENCE — MOTOR VEHICLES — SPEED VIOLATIONS — WEATHER CONDITIONS — JURY INSTRUCTIONS.

   The statute which forbids a driver from traveling at a speed greater than is reasonable and proper having due regard for "any other conditions" then existing requires the driver to regulate his speed according to weather conditions; therefore, the existence of weather conditions affecting the road surface cannot be an excuse for violation of the statute and a jury instruction allowing such an excuse is not applicable (MCL 257.627; MSA 9.2327; SJI2d 12.02).

3. NEGLIGENCE — MOTOR VEHICLES — VIOLATION OF STATUTE — EXCUSE — JURY INSTRUCTIONS.

   A jury instruction allowing a driver to be excused from violation of a motor vehicle statute is not appropriate in a case where it is claimed that negligence can be inferred from a violation of a statute forbidding careless or negligent driving (SJI2d 12.02).

4. NEGLIGENCE — PROXIMATE CAUSE — OUTSIDE FORCE — JURY INSTRUCTIONS.

   A jury instruction which allows the jury to find for the defendant if it finds that an outside force, rather than the defendant's negligence, was the sole proximate cause of an accident is appropriate only in a case where evidence is presented showing that an outside force may have been the sole proximate cause of the occurrence (SJI2d 15.06).

*William G. Reamon, P.C.* (by *Janet T. Neff*), for plaintiffs.

*Baxter & Hammond* (by *Paul E. Jensen* and *Robert S. Lipak*), for defendant.

Before: Danhof, C.J., and MacKenzie and M. E. Dodge,* JJ.

M. E. Dodge, J. Plaintiffs appeal as of right from a judgment of no cause of action entered after an adverse jury verdict. They claim that the trial judge erred in his instructions to the jury and that he abused his discretion in deciding that the jury's verdict was not against the great weight of the evidence.

At trial, plaintiffs claimed that plaintiff Jacqueline Jackson suffered serious injuries in an automobile accident. She was a passenger in a car driven by defendant Robin Coeling. At about 9:00 p.m. on November 9, 1979, while driving on an overpass on I-96 in Grand Rapids, defendant hit a patch of ice, lost control of her car, and hit a guard rail.

Defendant's deposition testimony was offered into evidence at trial by plaintiffs; it was the primary evidence concerning liability. In her deposition, defendant testified that, shortly before the accident occurred, she noticed that rain mixed with light snow was falling. As she entered the expressway, she noticed that the road surface was beginning to get slippery. She testified that she was driving 40-45 m.p.h. when she lost control of the car. Plaintiffs also introduced a statement defendant made to a police officer shortly after the accident, in which she said that she was driving 55 m.p.h., that she did not notice the ice on the roadway before she lost control of her car, and that she did not remember seeing a "Watch for ice on bridge" sign before the overpass on which the accident occurred. Another witness testified that such a sign was posted about 650 feet before the overpass.

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial judge instructed the jury as follows:

"We have two state statutes which provide as follows: No person shall operate a vehicle upon a highway in a careless or negligent manner likely to endanger any person or property, but without wantonness or recklessness. And the other statute provides in material part: A person driving a vehicle on a highway shall drive with a careful and prudent speed no greater than nor less than is reasonably proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing.

"If you find that the defendant violated either of these statutes before or at the time of the occurrence, you may infer that the defendant was negligent."

This instruction is SJI2d 12.01. The trial judge then instructed the jury, using SJI2d 12.02, stating:

"However, if you find that the defendant used ordinary care and was still unable to avoid the violation because of weather conditions, then her violation is excused.

"If you find that the defendant violated either of these statutes and that the violation was not excused, then you must decide whether such violation was a proximate cause of the occurrence."

On appeal, plaintiffs claim that it was error to overrule their objection to the instruction that weather conditions might excuse the alleged statutory violations. We agree and reverse.

For the instruction on excuse to be warranted, the excuse must be an adequate one under the facts and circumstances of the case. *Zeni v Anderson,* 397 Mich 117, 129-130; 243 NW2d 270 (1976). Although the appropriateness of an excuse instruc-

tion must be decided on the facts of each case, a review of Michigan authority indicates that the instruction is unlikely to be applicable except in cases involving allegations of violations of the "assured clear distance" statute,[1] the rear-end collision statute,[2] and statutes requiring driving on the right side of the road.[3]

---

[1] MCL 257.627; MSA 9.2327 states in part:

"A person shall not drive a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead."

See *Moore v Spangler, supra; McKinney v Anderson,* 373 Mich 414; 129 NW2d 851 (1964); *Patzer v Bowerman-Halifax Funeral Home,* 370 Mich 350; 121 NW2d 843 (1963); *Sun Oil Co v Seamon,* 349 Mich 387; 84 NW2d 840 (1957); *Nass v Mossner,* 363 Mich 128; 108 NW2d 881 (1961); *Dismukes v Michigan Express Inc,* 368 Mich 197; 118 NW2d 238 (1962); *Morrison v Demogala,* 336 Mich 298; 57 NW2d 893 (1953); *Vander Laan v Miedema,* 385 Mich 226; 188 NW2d 564 (1971); *Lucas v Carson,* 38 Mich App 552; 196 NW2d 819 (1972); *Campbell v Menze Construction Co,* 15 Mich App 407; 166 NW2d 624 (1968); *Hackley Union National Bank & Trust Co v Warren Radio Co,* 5 Mich App 64; 145 NW2d 831 (1966). *LaBumbard v Plouff,* 56 Mich App 495; 224 NW2d 118 (1974); *Spillers v Simons,* 42 Mich App 101; 201 NW2d 374 (1972); *Laur v McCaul,* 39 Mich App 346; 197 NW2d 481 (1972).

[2] MCL 257.402; MSA 9.2102 states in part:

"(a) In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator."

See *Moore v Spangler, supra; McKinney v Anderson, supra; Vander Laan v Miedema, supra; Conroy v Harrison,* 368 Mich 310; 118 NW2d 383 (1962); *Szymborski v Slatina,* 386 Mich 339; 192 NW2d 213 (1971); *Lucas v Carson, supra; Alford v Goslow,* 4 Mich App 240; 144 NW2d 641 (1966); *Laur v McCaul, supra; Dennis v Jakeway,* 53 Mich App 68; 218 NW2d 389 (1974); *Brown v Spitza,* 45 Mich App 97; 206 NW2d 260 (1973); *LaBumbard v Plouff, supra; O'Dell v James,* 13 Mich App 574; 164 NW2d 747 (1968), *rev'd on other grounds* 383 Mich 87; 173 NW2d 208 (1970).

[3] MCL 257.634; MSA 9.2334 states that a vehicle shall be driven upon the right half of the roadway upon all roadways of sufficient width, with certain exceptions. The same principle was frequently applied to similar predecessor states. See *Zeni v Anderson, supra.*

See *Corey v Hartel,* 216 Mich 675, 680; 185 NW 748 (1921); *Sanderson v Barkman,* 264 Mich 152; 249 NW 492 (1933); *Martiniano v Booth,*

In the present case, the jury was instructed that it could infer negligence from defendant's failure to drive at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and to any other condition then existing. See MCL 257.627; MSA 9.2327. This statutory provision is designed to forbid a driver from going too fast for conditions. The reference to "any other condition" is clearly broad enough to encompass weather conditions. The statute has been held to require a driver to regulate her speed according to weather conditions. See *Buchanan v Cockrill,* 385 Mich 292, 295; 187 NW2d 892 (1971); *Ryder v Murphy,* 371 Mich 474; 124 NW2d 238 (1963). The existence of weather conditions affecting the road surface cannot be an excuse for violating a statute which requires a driver to take just those conditions into account in regulating her speed. The instruction was not applicable; plaintiffs' objection should have been sustained. Although situations might arise in which an excuse instruction would be proper where traveling too fast for conditions is alleged,[4] the instruction should not be given where

359 Mich 680; 103 NW2d 502 (1960); *Ross v Michigan Mutual Auto Ins Co,* 224 Mich 263; 195 NW 88 (1923); *Barringer v Arnold,* 358 Mich 594; 101 NW2d 365 (1960); *Van Den Heuvel v Plews,* 291 Mich 670; 289 NW 290 (1939); *Haney v Beisel,* 287 Mich 239; 283 NW 43 (1938); *Paton v Stealy,* 272 Mich 57; 261 NW 131 (1935); *Leonard v Hey,* 269 Mich 491; 257 NW 733 (1934); *Soule v Grimshaw,* 266 Mich 117; 253 NW 237 (1934); *Gibbs v Guild,* 332 Mich 671; 52 NW2d 542 (1952); *Buxton v Ainsworth,* 138 Mich 532; 101 NW 817 (1904); *Tyler v Nelson,* 109 Mich 37; 66 NW 671 (1896); *Hackley Union National Bank & Trust Co v Warren Radio Co, supra.*

[4] In one of the few cases in which none of the three statutes we have cited above was involved, the claim of an excuse for speeding was rejected by the Supreme Court in *Murphy v Sinen,* 281 Mich 274; 274 NW 790 (1937). The defendant crashed her car into another one while traveling at a high rate of speed. She claimed, with substantial evidentiary support, that she was fleeing from a disappointed and violent suitor. The Court held as a matter of law that her conduct was not excused due to her failure to stop at the first police station she passed.

the only excuse offered is the existence of conditions which the statute requires the driver to take into account.

The jury was also instructed that weather conditions might excuse the defendant if it found that she had operated her vehicle in a careless or negligent manner likely to endanger any person or property. Weather conditions do not excuse careless or negligent driving. If the jury feels that a driver had an adequate reason for acting in the manner that she did, it can be safely assumed that it will not find that she was careless or negligent. We doubt that the instruction on excuse would ever be appropriate where the claim is that negligence can be inferred from the violation of a statute forbidding careless or negligent driving.

We also find that the error was not harmless. The unwarranted instructions on excuse easily could have confused the jury to plaintiffs' prejudice. If defendant was driving too fast for conditions, the jury could infer negligence. If defendant was operating a vehicle in a careless or negligent manner, the inference of negligence was inescapable. To require the consideration of weather conditions as an excuse at that point could mislead the jury into believing that the weather conditions excused not the statutory violations, but defendant's negligence. Because the judge instructed the jury not to excuse a violation unless it found that the driver used ordinary care, we think it likely that most jurors applied the law properly. We cannot, however, ignore the possibility that some jurors were confused by the inapplicable instruction. We note that where an excuse or sudden emergency instruction has been improperly given, application of the harmless error rule has been limited to cases in which the jury resolved the

issue of liability in plaintiffs' favor. See *Moore v Spangler,* 401 Mich 360, 383-384; 258 NW2d 34 (1977).

Plaintiffs also objected to the use of the following instruction:

"If you decide that the defendant was negligent, and that such negligence was a proximate cause of the occurrence, it is not a defense that the weather conditions were a cause of this occurrence. However, if you decide that the only proximate cause of the occurrence was the weather conditions, then your verdict should be for the defendant."

Any error was harmless, because the jury did not reach the question of proximate cause. We nonetheless address this claim because the issue may recur at a new trial. Plaintiffs argue that there was no evidentiary support for a claim that defendant's negligence was not a proximate cause of the accident. We cannot accept this argument, because the question of negligence was one for the trier of fact. We agree, however, that the use of this instruction was inappropriate in this case. The instruction is appropriate in a case in which evidence is presented showing that an outside force may have been the sole proximate cause of an occurrence. See SJI2d 15.06, "Note on Use". In the present case, the only evidence concerning outside forces was evidence that the road surface was slippery and icy. These were conditions which, in the exercise of ordinary care, the defendant was required to take into account. The primary question in this case was whether the defendant driver exercised ordinary care immediately before the accident. On the facts of this case, the jury was required to consider the weather conditions in deciding the question of negligence. The instruc-

tion was inappropriate not because it was misleading, but because it was unnecessary.

We decline to consider plaintiffs' claim that the trial judge abused his discretion by denying their motion for a new trial based on allegations that the jury's verdict was against the great weight of the evidence.

Reversed and remanded for a new trial. Costs to appellants.