PARUSZKIEWICZ *v.* MICHALSKI

AUTOMOBILES — NEGLIGENCE — ASSURED CLEAR DISTANCE — SUDDEN EMERGENCY — INSTRUCTIONS TO JURY.

> Instructions to jury by trial court on defense of sudden emergency over plaintiff's objection *held* not error where testimony of defendant, if believed, showed that defendant was pushing plaintiff's car with his own to start it and that it started but shortly afterward plaintiff stopped for a stop sign and defendant's car skidded because of slippery conditions and struck plaintiff's automobile from behind.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 January 15, 1969, at Detroit. (Docket No. 3,957.) Decided February 26, 1969.

Complaint by Irene Paruszkiewicz against Edward K. Michalski for damages resulting from an automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Owen J. Galligan,* for plaintiff.

*Robert E. Fox,* for defendant.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Following a party at a fraternal hall, defendant started pushing plaintiff's car to

---

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 1030.

start it. The car started but plaintiff shortly stopped for a stop sign and defendant's car skidded and struck plaintiff in the rear. At trial, the court interjected the defense of emergency over plaintiff's objection. Defendant testified plaintiff had told him before the accident she was sick and unable to work full time. Plaintiff sought to rebut this evidence with two witnesses but the court sustained defendant's objections to this testimony. The jury returned a verdict of no cause of action against plaintiff and appeal followed.

The question is asked whether submitting the emergency doctrine to the jury constituted error. A review of the record reveals that the defendant's testimony, if believed, would support a jury's finding that he was confronted by an emergency situation arising out of plaintiff's sudden stop immediately subsequent to the pushing and the slippery conditions. See *Alford* v. *Goslow* (1966), 4 Mich App 240.

On the issue of admission of plaintiff's rebuttal witnesses, we find that the scope of rebuttal is discretionary and the record does not demonstrate any abuse on the part of the trial court. Other objections as to the scope of cross-examination reveal no abuse of discretion.

Affirmed. Costs to appellee.